EDWIN BARDWELL, administrator, vs. CONWAY MUTUAL FIRE
INSURANCE COMPANY.

Franklin.   Sept. 19, 1876. — March 7, 1877.   COLT & MORTON, JJ.,
absent.

A policy of insurance against fire was issued upon a written application in which the
blank space, for the value of the property insured, was not filled. *Held*, in an ac-
tion on the policy, that evidence that the person insured, before the policy was
issued, made oral statements as to the value of the property, that these statements
were false and known to him to be false, and that the policy was issued on the
faith of the statements, was inadmissible in defence.

On the issue whether property insured in the defendant insurance company was over-
valued, an appraisal of the property made by another company, upon which a pol-
icy was issued to the plaintiff, is inadmissible.

In an action on a policy of insurance against fire, in which the value of the house
insured was in controversy, the defendant's bill of exceptions stated that a witness
was asked, against the defendant's objection, as to the nature and quality of the
foundation of the house, and that he answered that "it was one of the best foun-
dations he ever put in." *Held*, that no ground of exception appeared.

In an action on a policy of insurance against fire, the exclusion, on the question of
the value of the buildings insured, of evidence of the price for which the land was
sold after the destruction of the buildings, with proof of what both were previ-
ously offered for, affords no ground of exception.

If, when a valued policy of insurance is paid in full, the amount due under a subse-
quent policy, not a valued one, issued by a mutual insurance company, does not
exceed the proportion which it bears to the whole insurance, and if the assured
will not receive in all more than three fourths of the value of his property, it is
immaterial that the prior policy contains no clause of contribution; and evidence
that the assured received under an adjustment less than the face of the prior policy
is also immaterial.

In an action on a policy of insurance, the defendant offered evidence, which was ex-
cluded, tending to show that the certificate required by the St. of 1871, c. 297, § 5
was not issued to another company having a policy on the same property, dated
June 9, 1873, the validity of which was an essential element in the defence, until
July 19, 1873, although the certificate was dated May 13, 1873. *Held*, that the de-
fendant had no ground of exception.

CONTRACT on a policy of insurance by which the defendant
insured Justin R. Smith, the plaintiff's intestate, for the term of
five years from August 13, 1873, "against loss or damage by
fire, under the conditions and limitations hereinafter expressed,
in the sum of $1300, as follows : $1000 on his two story frame
dwelling-house and wood-shed connected; $100 on his household
furniture therein ; $100 on his barn and shed connected ; $100
on his hay therein; situate in West Whately, Massachusetts,

and occupied by himself for a dwelling and private barn. $2200 insurance on said house, $300 on the barn, $250 on said furniture, and $100 on said hay, elsewhere."

The policy contained the following provisions: " This company shall in no event be liable till the actual payment of the premium, nor beyond the sum insured, nor beyond three fourths the actual value of the property insured at the time of the loss or damage." " And the insured hereby covenants and engages that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to him ; and if any material fact or circumstance shall not have been fully represented, or if the insured shall make any attempt to defraud the said company, then, and in any such case, this policy shall be null and void, unless confirmed by a new agreement thereon, written after a full knowledge of such facts and circumstances."

" In case of loss, the insured shall forthwith render to said company a particular statement in writing, signed and sworn to by him, of the value of the property insured, the amount of the loss or damage thereon, his interest therein, all other insurance thereon ; the purpose for which, and by whom, the building insured, or containing the property insured, was occupied ; the cause or origin of the fire, so far as known ; and, if required, submit his books of account and other proper vouchers to the examination of the company." " In case of other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, whether the same shall be binding as a contract of insurance on the parties thereto or not, the insured shall not, in case of loss, receive any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property as herein stated."

After the former decision, reported 118 Mass. 465, the case was tried in the Superior Court, before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows :

The plaintiff put the policy in evidence, and the sworn statement of the assured, made after the loss, in which he made oath that the cash value of the " dwelling-house and shed," above the

foundation, at the time of the loss, was $4300, and evidence as to the value of the property insured.

The defendant put in evidence the application upon which said policy was issued, in which the blank space left for the valuation was not filled, and offered evidence tending to show that, before the policy was issued, the assured represented and stated orally to the secretary of the defendant, who took the application, that the true value of the dwelling-house and shed was from $4300 to $4500; and that insurance was granted by the defendant on the house and shed for $1000 in addition to previous insurance for $2200 already obtained by the assured from the Whately Mutual Fire Insurance Company, by a policy dated June 9, 1873. And the defendant further offered to show that its policy was made on the faith of such representation and statement, and that the assured, at the time of making this representation and statement, knew it to be false. The judge ruled that such representation and statement, not being in the application, could not be shown by oral evidence.

Among other evidence offered by the defendant was evidence tending to show that in 1859 the assured applied to the Whately Mutual Fire Insurance Company for insurance, and, in accordance with its by-laws, a committee of directors, at the applicant's request, appraised the house and shed for the purpose of determining what insurance should be granted thereon, and that this committee appraised it at $1350, and granted insurance for $1100; that after the expiration of this policy, in 1865, the assured made another application, and another appraisal was made by the then committee at $1500 as the true value, and a policy was issued thereon; and that again on June 9, 1873, the last-mentioned policy having expired, the assured made another application to the same company, and the committee of directors then appraised the house and barn at $3000 as the true value, and a policy for $2200 was thereupon issued, which remained in force at the time of loss. The judge ruled that these certificates of appraisal were not admissible as evidence of the value of the property insured, but allowed the defendant to call the appraisers to testify to the value of the property at the times of the appraisals, and the defendant excepted.

The plaintiff, being called by the defendant as a witness, was asked, on cross-examination, as to the nature and quality of the foundation of the house and shed. To this inquiry the defendant objected, but the judge permitted it, and he said " it was one of the best foundations he ever put in." To this evidence the defendant excepted.

The defendant offered evidence tending to show that the assured, two or three months prior to the date of the policy sued on, offered for sale his entire farm of fifteen or sixteen acres, to one Scully, including the dwelling-house and shed, a barn valued at $400, a shop with water privilege, wheel and machinery, all for $2800; and this evidence was admitted without objection. This evidence was contradicted by a witness called by the plaintiff. The defendant afterwards called one Sanderson, who in November, 1873, purchased all that remained of the above described property, after the house and shed were burned, and proposed to show by this witness that he paid to said Smith $1200 as the agreed price therefor. To this evidence the plaintiff objected, and it was excluded, and the defendant excepted.

In accordance with the former decision in this case, 118 Mass. 465, the plaintiff contended and the judge ruled that the proportion which the defendant was to contribute towards the loss of the barn and shed was ten thirty seconds of three fourths of the actual loss, the Whately Mutual Fire Insurance Company having insured twenty-two thirty seconds on the same risk, by the prior policy above mentioned.

The defendant then called attention to the fact that this prior policy contained no clause relating to the rates of contribution in case further insurance should be obtained in another company, and, there being no such provision, contended that its policy was invalid. The judge ruled otherwise, and the defendant excepted. The defendant also, in this connection, offered to show that the full sum of $1750 had been paid over to the plaintiff upon an adjustment of loss with the Whately Mutual Fire Insurance Company. It appeared that the Whately Mutual Fire Insurance Company was organized under the St. of 1872, *c.* 375; that the charter, issued by the secretary of the Commonwealth, was dated May 13, 1873 and that the certificate required by the St. of 1871, *c.* 297, § 5, was not issued by the insurance com-

missioner until July 19, 1873, although it was dated May 13, 1873; but this evidence was excluded, and the defendant excepted.

The case was submitted to the jury under instructions not objected to, except as above; and a verdict was returned for the full amount of the insurance. The defendant alleged exceptions.

*C. G. Delano*, for the defendant.

*A. De Wolf*, for the plaintiff.

DEVENS, J. 1. The court correctly refused to admit an statement of the value of the premises, made at the time of curing the policy by the plaintiff's intestate, notwithstanding defendant offered to show that the assured knew it to be fal. . The insurance was made upon a written application which we covenanted to be a full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property. Although the form used contained a blank for the valuation of the property, none was made by the applicant. The defendant did not require it, and did not incorporate the oral statement of the assured in the application, or make it a part thereof, as it might readily have done. Having entered into the contract without regard to the value of the property insured, leaving that, in case of loss, to be afterwards determined, it cannot now insist that this statement was material. Whether, if there had been a fraudulent overvaluation in the application itself, as in *Hersey* v. *Merrimack County Ins. Co.* 7 Foster, 149, it would have avoided a policy similar in terms to this, need not be decided.

2. The certificates of the value of the property, as made by the directors of the Whately Insurance Company when the assured applied to become a member of that company, were the opinions of others as to its value, and were not admissible against the plaintiff in this action. His acceptance of policies based upon such appraisals would bind him as a matter of contract in the transactions with the Whately Insurance Company, but would not be evidence of an admission by him that such appraisals were correct in a transaction with another party.

3. The plaintiff had at the trial a right to inquire as to the nature and quality of the different parts of the building, the cellar inclusive, of any person acquainted with building, and

therefore competent to judge in relation to it. By the exception to the inquiry addressed to Bardwell, it does not appear that he was not such a person, nor that his reply was anything more than an expression of an opinion which he was qualified to give. *McGenness* v. *Adriatic Mills*, 116 Mass. 177.

4. The defendant sought to show what the land sold for after the buildings were destroyed, as affording evidence of the value of the buildings when connected, with proof of what both together had before been offered for at sale. We cannot say that this was improperly excluded. The relation which the buildings occupy to the land is not necessarily such that their value can approximately be ascertained by such a comparison as was proposed. In some instances they add to the value of the estate more than their own independent value, while, in others, buildings, which it would cost much money to renew, do not add sensibly to the amount for which the estate, on which they are situated, could be sold.

5. The defendant contends that the policy held by the assured, at the time of the loss, in the Whately Insurance Company, having been issued to him prior to that of the defendant, and being without clause of contribution, and covering the entire insurable interest in the property, the policy of the defendant was invalid. The facts as proved do not afford ground for this contention of the defendant. A different estimate was placed by the jury upon the value of the property from that which appeared when the case was formerly before this court. *Bardwell* v. *Conway Ins. Co.* 118 Mass. 465. The verdict, as it appears by these exceptions, and as rendered at the last trial under the instruction of the court, shows that the insurance of the Whately Insurance Company did not cover the plaintiff's insurable interest. The loss was total, and the instruction was that the proportion that the defendant should contribute towards it should be ten thirty-second parts of three fourths of the actual loss of the house and shed. The insurance of the defendant was $1000 thereon, that of the Whately Insurance Company being $2200, and under this instruction a verdict was rendered for the plaintiff, which included the whole amount insured on the house and shed. By this verdict, therefore, it appears, according to the estimate placed by the jury on the loss, that three fourths of

the whole actual value was at least $3200. If, therefore, the policy of the Whately Insurance Company was prior in point of time, and contained no provision for apportionment, the plaintiff had an insurable interest over and above what was covered by the policy of the Whately Insurance Company, in three fourths of the value of the property, which at least equalled the $1000 insured by the defendant.

No policy is to be issued on the mutual plan for more than three fourths of the value of the property insured. Gen. Sts. c. 58, § 52. If the insured, after obtaining insurance by a valued policy, and one in which the insurers are entitled to no contribution from others in case of loss, finds his property still uninsured to three fourths its actual value, he may certainly insure in any mutual company until this amount is reached. If, after the prior policy is paid in full, the amount which such latter company is to pay does not exceed the proportion which its insurance bears to the whole, and if the assured is not to receive in all more than three fourths of the value of his property, it can have no ground of complaint.

If the verdict had been for $500 only, — as, according to this estimate of ten thirty seconds of three fourths of the value, the whole would have been less than $2200, — the defendant might contend that, if the plaintiff could hold such a verdict, he would receive more in amount than the value of his property, by receiving this in addition to the amount to which he would be entitled under the prior policy. Whether in such case there could be a recovery is not a question here presented. No such result can follow from the present verdict. It is immaterial that the prior policy was not subject to contribution, when, if it were fully paid, and if the defendant paid in addition its proportionate share of the loss, the plaintiff would not receive thereby in all more than three fourths of the value of the property, as found by the jury.

6. The evidence that the Whately Insurance Company, upon an adjustment, had paid the plaintiff $1750, was not material. The view we have taken of the prior insurance, that it may have been paid in full, is the one most favorable to the defendant, and the adjustment was not evidence of the value of the property between any others than the parties to it.

7. To the exclusion of the evidence that the certificate issued by the insurance commission to the Whately Mutual Fire Insurance Company, although dated May 13, 1873, was not actually issued until July 19, 1873, the defendant can take no exception. The policy of the Whately Insurance Company was treated as val:d by the presiding judge. If it were otherwise, the defendant cannot complain, as it was an essential element in the defence tha: it was valid. *Exceptions overruled.*