ISAAC C. OGDEN et al., Respondents, *v.* THE EAST RIVER INSURANCE COMPANY, Appellant.

Where a specific parcel of property is insured by a policy containing the usual clause providing for an apportionment of the loss in case of other insurance, and the same property is covered by another policy, which also includes other parcels, all insured together for an entire sum, this constitutes other insurance within the meaning of such clause. (*Howard Ins. Co.* v. *Scribner*, 5 Hill, 298), overruled.

In case of total loss of all the property covered by the latter policy, the sum insured thereby is to be distributed among the several parcels in the proportion which such sum bears to the total value of all the parcels, and the portion allotted to the parcel specifically insured is to be considered the amount of additional insurance.

If such portion, together with the amount of the specific policy, is less

Statement of case.

than the value of the parcel, there being no over insurance, there is no occasion for any apportionment.

(Argued November 21, 1872; decided December 3, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict.

The action was brought upon a policy of insurance issued by defendant to plaintiffs for $3,000 on plaintiffs' stock in trade, "contained in the three-story brick building known as No. 392 Washington street, in the city of New York." Other insurance was permitted without notice until required.

The policy contained a provision that "in case of loss the insured shall not recover on this policy any greater proportion of the loss or damage sustained to the subject insured than the amount hereby insured shall bear to the whole amount insured on the said property."

The plaintiffs, at the time of the fire, held fourteen other policies, issued by various companies, to the amount of $47,500, covering said property in No. 392 Washington street and a large amount of other property owned by plaintiffs. On the 30th November, 1864, all the property insured and covered by said fifteen policies was destroyed by fire. The value of the entire property so destroyed was $88,788.83. The value of the property covered by defendant's policy was $16,305.89.

The court upon trial directed a verdict in favor of plaintiffs for the full amount of the policy and interest, which was rendered accordingly.

*Charles Tracy* for the appellant. The clause of the policy limiting defendant's liability is a part of the contract of insurance, and absolutely limits plaintiffs' right of recovery. (*Blake* v. *Exch. Mut. Ins. Co.* 78 Mass., 265, 270, 272 [A. D. 1858]; *Lucas* v. *Jefferson Ins. Co.*, 6 Cow., 635; *Howard Ins. Co.* v. *Scribner*, 5 Hill, 298; Phil. on Ins., No. 366, chap. 3, § 15; *Haley* v. *Dorchester Mut. Ins. Co.*, 12 Gray, 545; *Lycoming, etc., Co.* v. *Stacklomm*, 3 Grant's Cases, 207; *Mut. Safety Co.* v. *Hone, Rec'r*, 2 N. Y., 235.)

*William F. Shepard*, for the respondents. This is not a case of double insurance, and does not call for an application of the *pro rata* clause. (*Ætna Fire Ins. Co.* v. *Tyler*, 16 Wend., 385, 396; *Columbian Ins. Co.* v. *Lynch*, 11 Johns., 233, 238; *Roberts* v. *Traders' Ins. Co.*, 17 Wend., 631; *Mut. Safety Ins. Co.* v. *Hone*, 2 N. Y., 235; *Howard Ins. Co.* v. *Scribner*, 5 Hill, 298.) If this is a case of additional or double insurance, the amount is to be ascertained by apportioning the whole insurance among the different parcels insured, in proportion to their value. (2 Phil. on Ins., 56, No. 1263, *a ; Blake* v. *Exch. Mut. Ins. Co.*, 12 Gray; 78 Mass., 265; *Haley* v. *Dorchester Ins. Co.*, 1 Allen, 536–538.)

RAPALLO, J. The clause, now usual in policies of insurance, which provides for an apportionment of the loss in case of other insurance on the property, is a part of the contract, and must receive a reasonable construction. We have no right to engraft upon it the rules governing suits for contribution among insurers, nor to restrict its operation to cases where such suits could be maintained, but must look at the language of the clause itself and construe it as we would any other stipulation between the insurer and the insured.

We cannot adopt the view taken of this clause in the case of *Howard Ins. Co.* v. *Scribner* (5 Hill, 298), where it was held (in analogy to the rule in actions for contribution) that where a specific parcel of property is insured by one policy, and the same property is covered by another policy, which also includes other property, the latter policy is to be thrown wholly out of view, and does not constitute other insurance within the meaning of the clause. Neither can we agree to the doctrine contended for by the counsel for the appellant, that the whole sum insured by the more comprehensive policy is to be considered as so much additional insurance upon the parcel separately insured.

Where several parcels of property are insured together for an entire sum, it is impossible to say as to either of the parcels that there is no insurance upon it. Neither is it reasonable

to assume that any of the parcels is insured for more than its value where the whole sum insured is less than the aggregate value of all the parcels covered by the policy. The difficulty lies in determining what part of the whole sum insured is to be deemed applicable to either parcel where the policy itself makes no separation.

If the entire property is destroyed, as in this case, the rule laid down in 2 Phillips on Insurance (p. 56, No. 1263, *a*) and in *Blake* v. *Exch. Mut. Ins. Co.* (12 Gray, 265) carries out the intent of the clause and works entire equity between the insurers and the insured, as well as between the several insurers. That rule is, in substance, that for the purpose of apportioning the loss in case of over insurance, where several parcels are insured together by one policy for an entire sum, and one of the parcels is insured separately by another policy, the sum insured by the first mentioned policy is to be distributed among the several parcels in the proportion which the sum insured by that policy bears to the total value of all the parcels. Thus in round numbers the sum insured in this case by the *policies*, other than the defendant's, on the property, as an entirety, was $47,000. The total value of the property covered by these policies was $88,000. In case of a total loss, each parcel should be deemed insured thereby for $\frac{47}{88}$ of its value. The parcel separately insured by the defendant was worth $16,000, and was insured by the defendant for $3,000, which was equal to $\frac{3}{16}$ of its value. It is manifest that there was no over insurance, and that consequently there is no occasion for any apportionment.

Whether this would be the proper rule in case the $16,000 parcel alone had been destroyed or damaged, it is not now necessary to determine. In that event, if the defendant's policy had not existed, the whole loss would have been recoverable under the $47,000 insurance. It may be that the rule for ascertaining the amount of insurance upon any particular parcel where insurances are commingled, as in this case, is dependent upon the extent of the loss, and that whatever could be recovered upon the more comprehensive policy with-

.out regard to the other is the amount to be deemed insured thereby on the part injured in case of a partial loss, and that on that basis an over insurance to the extent of the separate policy might be established. By insuring several parcels of property for an entire sum the insured obtains the advantage, and the insurer subjects himself to the liability of having so much of the total sum insured as may be necessary to compensate for damage to any part of the property applied to that part, though the sum named in the policy would have been insufficient to cover the loss if the whole had been destroyed. Thus it is left to the result, in case of a partial loss, to determine what sum is insured upon any particular parcel, the only limit being its value. On the other hand, it would be desirable to adopt a general rule applicable to all contingencies. We refrain from expressing an opinion now upon the several phases which might be developed under an insurance of this character in case of partial loss, confining our adjudication to the case before us, which was that of a total loss of the whole subject insured by all the policies.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.