Browne, J.
The action was brought on a policy of insurance issued by the defendants (which insured the plaintiff against loss or damage by fire in an amount not exceeding $2,000 on merchandise, contained in the basement, and on the first floor of No. 100 Fulton street, New York city), *54 to recover the sum of $323.70 as the proportion of the loss alleged to be properly recoverable from the defendants.
The plaintiff had additional insurances in other companies at the same time, to the amount of $4,000, limited to the same property, and to the further amount of $11,500, also covering the same property, jointly with other property on the third floor of the same building, besides which there was a further insurance, to the extent of $5,000, limited to the third floor property. A fire, which broke out oh the third floor of the building in question, occasioned a loss of $12,015.53 on that floor, and a damage by water to property on the first floor, covered by defendant’s policy to the amount of $1,131.19.
By reason of a clause in defendant’s policy, providing as follows:
“ This company shall not be hable for a greater proportion of any loss sustained by the assured upon any property described in this policy than the sum hereby insured thereon, bears to the whole sum insured thereon whether such other insurance be by policies, specific or otherwise, or whether prior or subsequent to this insurance, or whether such other insurance be valid or not, and without reference to the solvency of other insuring companies. In case there shall be insurance under specific policies, or under general policies, embracing any subject or subjects insured herein, this policy shall be liable for the loss on any or all such subjects only in proportion as the amount or amounts so insured herein shall bear to the sum of all the insurances, general or specific, which may include the said subject or subjects.”
The defendants maintain that they are hable only for 20-l75ths of the first floor damage, basing their contention on the fact that their policy was for $2,000; that there were two other policies on the same identical property for $4,000 more, making $6,000, and that the $11,500 of insurance jointly covering the first and third floor properties was applicable to its full extent to the first floor damage, irrespective of what was additionally liable for by reason of the third floor loss. In other words, that there was $17,500 of insurance to contribute ratably to the first floor damage
On the other hand, the plaintiff’s calculation of the proportion of the damage for which the defendants are liable, is based upon the decision of the arbitration committee of the board of fire underwriters, which was accepted as the basis of settlement by all the other insurance companies involved, and which in brief is this: The third floor loss, to which defendant’s policy did not apply, but which was covered by the $11,500 joint insurance, amounted to $12,-015.53, which, added to the damage caused by water on the *55 first floor, gives $13,146.72 as the total loss sustained by plaintiff.
The damage on the first floor equals 8 6-10 of the plaintiff’s entire loss, and that on the third floor (to which the $11,500 joint insurance must contribute) equals 91 4-10 per cent of the entire loss. The $1,500 joint insurance is therefore liable to contribute its pro rata share as follows:
91 4-10 per cent of $11,500 for the third floor loss
equals.....................................$10,511 00
8 6-10 per cent of $11,500 for the first floor damage ........................................ 989 00
$11,500 00
The joint insurance must therefore be apportioned as follows, so that a corresponding per centage of it will be applicable to the first floor damage, namely, 8 6-10 per cent
of $11,500 is equal to.......................... $989 00
Add to the defendant’s policy, which was exclusively upon the damaged property........ 2,000 00
Also add to the other specific' insurance upon
the same................................... 4,000 00
Making the total insurance on first floor........ $6,989 00
which are to contribute to the damage involved, which would make defendant liable for 2,000-6,989 of $1,131.19, $323 70-100.
Upon the trial the court directed the jury to render a verdict for $232 70-100 accordingly (which, with interest, amounted to $338 70-100), to which direction the defendant excepted.
The defendant’s exceptions were ordered to be heard in the first instance at general term, and entry of judgment upon the verdict suspended ad interim. In this form the matter comes before us.
There is no dispute as to the amount of loss suffered by plaintiff on the first and third floors; the question simply turning on the mode of adjusting this loss, there being over-insurance.
The contract of insurance is one of indemnity, intended to protect the insured from loss to the amount of the risk assumed, whether it be on one or several policies. The above cited provision in defendant’s policy, limiting its liability to a share of the loss proportionate to the amount of all the policies, was not intended to impair the plaintiff's right to full indemnity under the defendant’s policy, but to ascertain the amount of its liability subject to that right by an
*56 apportionment of the loss among such of the insurers of the same goods as by the terms of their contracts should stand in the relation of co-sureties for any loss upon them. To establish that relation the policies should cover distinct and specific risks on the same subject, and in that sense constitute a double insurance, upon which, without the covenant m question, the liabilities of the several insurers, except as to the differences in the amounts underwritten, would be identical and their right to contribution reciprocal. Baltimore Fire Ins. Co. v Loney, 20 Md., 20, p. 37.
The right to contribution is based upon the concurrence of the policies, and the .necessary incident of-its existence is that the several insurers should be bound with equal certainty and in the same sense for the same loss. Lucas v. Jefferson Ins. Co., 6 Cow , 635; Angel on Ins., 134, 135.
As it does not appear from the evidence that any of the other policies were produced on the trial, it must be assumed for the purposes of this appeal that they all contained the same covenant as to contribution as the policy issued by defendants did, so that all the companies stood on an equality in this respect. If the other policies did not contain the same covenant, the onus or burden of proof to show the variance was upon the defendants. Lucas v. Jefferson Ins. Co. (supra).
The rule laid down in 2 Phillips on Insurance, 56, No. 1263 a, was cited with approval in Ogden v. East River Ins. Co. (50 N. Y. R., 388), and is in substance that for the purpose of apportioning the loss in case of over-insurance, where several parcels are insured together by one policy for an entire sum, and one of the parcels is insured separately by another policy, the sum insured by the first mentioned policy is to be distributed among the several parcels in the proportion which the sum insured by that policy hears to the total value of all the parcels.
So here, the $11,500 joint insurance was properly distributable among the several parcels damaged in the proportion that sum bore to the total value of the whole damage sustained, to wit: 8 6-10 per cent to the first floor and 91 4-10 per cent to the third floor. In thus apportioning the sum insured by that policy there was nothing incon-, sistent with nor antagonistic to the contribution clause contained in defendant’s policy. In ascertaining for what proportion of the first floor damage, the defendants were liable, the amount of “ all the insurances, general or specific, which may include the said subject or subjects,” was reckoned in the process of computation; the additional $4,000 of specific insurance being taken at its face amount; and the $11,500 joint insurance at "the full amount, for which it was liable to contribute to that damage, to wit: *57 $989. That was all the insurance on that floor, in any way, applicable to the loss sustained by plaintiff. The residue of the $11,500 joint insurance was solely applicable to the greater loss sustained on the third floor.
If the defendant’s contention is right that the whole $11,500 joint insurance was applicable to the first floor, regardless of the loss occurring on the third floor, it would have led to this result, had the loss of $13,000 sustained by plaintiff been equally divided between the two floors, that is to say $6,500 on each floor. In that case, according to defendant’s view, the joint insurance would have been liable to contribute its full proportion of $11,500 to the first floor, instead of only to the extent of one-half; and as the $5,000 specific insurance policy on the third floor contained a like provision, the joint insurance would have also been liable to contribute its full proportion of $11,500 to make good that loss. The true mode of adjustment would be to apply fifty per cent of the joint insurance to each floor.
The rule was sanctioned in Haley v. Dorchester Ins. Co. (1 Allen Mass., 536); Angelrodt v. Delaware Mutual Ins. Co. (31 Mo., 593); Cromie v. Kentucky Ins. Co. (15 B. Munroe, 432).
The exceptions must be overruled, and judgment ordered for the plaintiff on the verdict, with costs.
Ehrlich and McG-own, JJ., concur.