### GOLDE et al. v. WHIPPLE et al.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

INSURANCE—FLOATING POLICIES—PROPORTIONAL LIABILITY.

 Plaintiff held two floating policies of insurance,—one issued by defendant, and the other by the H. Co. Defendant's policy provided that defendant should not be liable for any greater proportion of any loss than the amount which its policy bears to the total amount of insurance, nor cover a greater amount than $600 in any one building. The policy issued by the H. Co. contained the same provision, except that its liability was limited to $300 in any one building. Held, that in case of any loss defendant was liable for two-thirds thereof. Barrett, J., dissenting.

Appeal from court of common pleas, trial term.

Action by Samuel Golde and Morris Golde against Whipple & Co., attorneys for the South & North American Lloyds, an association composed of 30 underwriters, to recover $114.70, under a policy issued by said association. The court directed the jury to find a verdict in favor of plaintiffs for $86.02 and interest. Judgment was entered on the verdict so directed, with costs, and plaintiffs appeal. Modified.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

Jacob Manheim, for appellants.
John Notman, for respondents.

RUMSEY, J. The company of which the defendants are the attorneys issued to the plaintiffs a policy insuring property therein mentioned to an amount not exceeding in the aggregate the sum of $3,000. That which was covered by the policy was clothing and material for the same, manufactured, unmanufactured, and in

process of manufacture, the property of the assured, or held by them in trust or on commission, or sold, but not removed, while the same is in possession of parties to whom it has been intrusted for the purpose of being made up, contained in any building not used as a prison or penal institution situate in the states of New York and New Jersey. This was clearly a floating policy of insurance upon the material mentioned in it to an amount not exceeding $3,000. The actual amount of goods covered by such policy was ascertainable at the amount of loss only (Richards, Ins. p. 19); and the liability of the insurer of course can be ascertained only when the specific goods covered by the policy are ascertained. The policy contained a further provision that it should not cover or include any property on which the assured had specific insurance, and that the company should not be liable for any greater proportion of any loss than the amount which this policy bears to the total amount thereby insured, nor cover a greater amount than $600 in any one building. This action is brought to recover the amount which it is claimed the defendant company is liable for by a loss which occurred in one building. The questions which are presented arise because of the existence of another policy issued by the Hamburg-Bremen Insurance Company, which contains practically the same provisions as those quoted above from the policy in suit, except that in the Hamburg-Bremen policy the provision is that the company shall not be liable for a greater amount than $300 in any one building. Each policy also contains a provision that the underwriters should not be liable for a greater proportion of any loss on the property described than the amount insured by that policy should bear to the whole insurance, whether valid or not, covering such property. The question is as to the construction of that particular clause of the policy. The loss in this case was $172.05. It occurred upon the property situated in one building, upon which the insurance under both of these policies applied, the amount of insurance by the defendants being $600, and by the Hamburg-Bremen Company $300. The defendants claim that their policy up to the amount of $300 is concurrent with that of the Hamburg-Bremen Company, and, therefore, that, until the loss reaches that amount, each company is liable to pay one-half, and that beyond that sum the addition up to sufficient to make the liability of the defendant $600 shall be paid by the defendant. Plaintiffs claim, on the contrary, that the policies are not concurrent, but that each company is liable for the pro rata share which the policy on goods in any building bears to the whole amount of insurance on the goods in that building.

There can be no doubt that the liability of the defendant for insurance upon any property covered by this policy cannot be ascertained until the loss has occurred. The policy is a floating one. No specific property is insured. The liability of the company is $3,000 upon all property situated within certain limits. When the loss occurs, it must be a loss in some particular building, and

then the provision of the policy attaches that the amount of it is $600, and no more. Such is the necessary construction of that provision of the policy which limits the amount of the loss in any one building. The same construction, of course, must be applied to the same provision in the Hamburg-Bremen Company's policy. Therefore, we have this condition of affairs: At the time that a total loss takes place in any building, the property in that particular building has insurance of $900; $600 is chargeable to the defendants, and $300 to the Hamburg-Bremen Company. If the property destroyed in that building were worth $900, it must be conceded that, by the express terms of the policies, the loss would be adjusted by requiring the defendant to pay $600, and the Hamburg-Bremen Company to pay $300, because by the payment of these sums only could the assured receive total indemnity. Clearly, in that case the liability would not be "concurrent," as that word has been used, but "proportional." No reason is seen why that liability which is proportional when there is a total loss should be changed into partly concurrent and partly proportional when there is but a partial loss, having in view solely the amount of loss. The rule is general that, where several policies contain a pro rata clause, each is liable for that proportion of the loss, if it is less than the total amount of insurance which the amount underwritten by him bears to the total amount underwritten. 2 Biddle, Ins. § 854. It is conceded on all hands that the amount underwritten by defendant on any one building is twice that of the Hamburg Company, and it is conceded that the rule applies if there is a total loss on the goods in any one building. Such concessions seem to be fatal to the defendants' claim here, and we can find neither principle nor authority to sustain it.

It is said that these policies cannot be proportional, because, if they were so to be construed, it would amount to a holding that the defendants' policy was a practical insurance of goods to the amount of $600 on each one of five buildings, whereas the Hamburg-Bremen insurance would amount to practical insurance of goods to the amount of $300 on each one of ten buildings, and the result would be that upon the five buildings to which the defendants' insurance applied the defendants would be liable for $3,000, whereas the Hamburg-Bremen Company would only be liable for $1,500. This contention is founded upon the theory that the defendants' insurance must apply to some particular buildings at the time when it is issued, which is not the case. It is purely a floating policy. It applies to goods situated generally throughout a particular locality. The amount of insurance upon goods situated in any given place cannot be over $600, but that does not mean that at any particular time a special $600 portion of this policy is set apart to apply to goods in any particular building. It only means that, when a loss shall have occurred in any one building, the entire liability for that loss, wherever the goods may be, shall be the amount of $600, and no more; and the goods upon which that insurance is fixed are not ascertained until such time as the loss

has taken place. It may be that, if it should happen that all the goods owned by the plaintiffs which were within the description of the policy should be destroyed at one time, the full amount of the insurance would take effect; and the same would be the effect of the destruction of all the goods within the description of the Hamburg-Bremen policy; but that could only occur if those goods were in a sufficient number of buildings, and the amount in each building was sufficient to require the insurer to pay up to the limit on that building. But in that case that would be a total loss, and no question such as is presented here would arise. The only time when these questions can arise is when the loss is less than the whole amount of the policy, and then the contribution clause must be held to be operative. In such case, where the amount of the concurrent insurance exceeds the loss, the contribution clause is operative. Richards, Ins. 185.

The design of insurance of this character is apparent. Manufacturers of clothing, having their material in the hands of various persons and in various places to be made up into garments, procure these floating policies at a maximum amount of insurance, which is the measure of the ultimate liability of each underwriter for all losses sustained by the assured anywhere. A limitation of liability to any one particular building in which the goods of the assured may be is a distinctive feature of the floating policy; and the amount named as being the measure of liability for a loss in any one particular building is a specific amount, beyond which no indemnity can be claimed, and up to which the underwriter is liable. Where there are several policies for the same assured, and upon his merchandise or material similarly situated, the amount of liability fixed as attaching to the property in any one particular building thus becomes specific insurance in amount upon the merchandise situated in that building. When a loss occurs, therefore, and the amount of the loss is ascertained, the policies contribute precisely as in other cases of double insurance where it is permitted; each underwriter being responsible for the proportion which the amount of his policy bears to the whole amount insured, which in this case is two-thirds and one-third. 2 Biddle, Ins. § 854, The result is that the court erred in holding that defendant was liable for only one-half the loss, and the verdict should have been for two-thirds of it, being $114.70, with interest.

The judgment should be modified as claimed by plaintiffs, with costs.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur.

BARRETT, J. (dissenting). The plaintiffs sue upon a policy of insurance, issued by the company of which the defendants are the attorneys, upon clothing and the materials for the same in the possession of third parties, for the purpose of being made up. The total amount of insurance is $3,000, and there is a limit of $600

for liability upon goods in any one building. The policy contains, the usual clause providing that the defendants shall not be liable for a greater proportion of any loss than the amount thereby insured shall bear to the whole amount of insurance. The plaintiffs also had a policy upon the same goods issued by the Hamburg-Bremen Fire Insurance Company, similar in nearly every respect except that the loss payable on goods in any one building was limited to $300. A loss occurred of $172.05 on goods in one building. The plaintiffs claimed that the defendants were liable for two-thirds of this amount, or $114.70; while the defendants contended that they were liable for only one-half, or $86.03. The trial judge took the latter view, and directed judgment accordingly, from which the plaintiffs appeal.

The crucial question, of course, is, to what amount did the defendants insure the particular goods in this particular building? If to the extent of $600, then parity of reasoning would show that the Hamburg-Bremen Company had insured the same goods to the amount of $300; and, upon well-settled principles, the two companies ought to divide any loss in the proportion of two to one. If, on the contrary, this particular parcel of goods was insured equally in both companies, just as the whole quantity of goods was insured, then it was proper to divide the loss equally between them.

Ogden v. Insurance Co., 50 N. Y. 388, settled the rule for determining, in the case of a policy covering several parcels of property, the amount apportionable to each parcel, when there is a total loss. In such a case each parcel is insured for that proportion of its full value which the whole amount of the insurance bears to the whole value of the property insured. This is the sum deemed to be insured by the policy for the purpose of determining the liability of another insurer of the specific parcel. Whether the same rule would apply if the loss were partial, instead of total, the court did not decide. Rapallo, J., said:

"It may be that the rule for ascertaining the amount of insurance upon any particular parcel where insurances are commingled, as in this case, is dependent upon the extent of the loss, and that whatever could be recovered upon the more comprehensive policy without regard to the other is the amount to be deemed insured thereby on the part injured in case of a partial loss. By insuring several parcels of property for an entire sum, the insured obtains the advantage, and the insurer subjects himself to the liability, of having so much of the total sum insured as may be necessary to compensate for damage to any part of the property applied to that part, though the sum named in the policy would have been sufficient to cover the loss if the whole had been destroyed. Thus, it is left to the result, in case of a partial loss, to determine what sum is insured upon any particular parcel, the only limit being its value. On the other hand, it would be desirable to adopt a general rule applicable to all contingencies." 50 N. Y. 391, 392.

The learned judge evidently leaned to the first view, viz. that the amount insured upon any specific parcel is the amount which would actually be recovered in case of its destruction. We think this view is the correct one. No necessity appears for determining the amount insured on the specific parcel in advance of a fire, and consequently no reason for deciding the question in the light of any other facts than those which actually happened. It cer-

tainly seems the sensible rule that the amount of insurance is the sum which subsequent events actually enabled the insured to realize out of the policy. Applying this rule to the case at bar, there can be no doubt that the amount of insurance on the goods in the damaged building was the sum of $172.05, for this is the sum which the plaintiffs would have been entitled to receive but for the apportionment clause. The same reasoning shows that the Hamburg-Bremen Company had the same amount of insurance on these goods. The insurances being equal, the two companies were rightly adjudged liable to contribute equally.

It is well to consider this $600 limitation in connection with its surroundings. The clause in which it is found reads as follows:

"It is understood that the policy does not cover or include any property on which the assured has specific insurance, and that this company shall not be liable for a greater proportion of any loss than the amount of this policy bears to the total value of the property hereby insured, nor cover a greater amount than $600 in any one building."

The nature of the provision is plain. It is simply a restriction upon the liability of the defendants, and stands upon exactly the same footing as the other restrictions with which it is coupled. Just as the defendants were bound to pay only that proportion of the loss in this particular building which the whole amount of insurance bore to the whole insured value, so, in addition, this proportion might not exceed the sum of $600. There is both a proportional and a money limitation. But, in subordination to these conditions, the insured is still entitled to full indemnity, and the amount of that indemnity in the particular case is the measure of the insurance on the specific property in question. To attempt to make the $600 limitation the basis of a separate insurance is to entirely pervert its proper use. The whole office of this clause is to relieve the defendants from paying more than the sum of $600 for a loss in any one building. It simply creates an exception to the general rule requiring full indemnity to be paid where the insurance is sufficient in amount. When the exception does not apply, the rule takes effect just as though the clause were not contained in the policy at all. The clause quite fulfills its office when it does what, on its face, it purports to do. To construe it as working a separate insurance of $600 gives us the strange result that the defendants' liability is increased by a provision which was meant simply to limit it.

There are insuperable difficulties in the way of treating this $600 limitation clause as creating a separate insurance to that amount on the property in this particular building. The essence of insurance is a beneficial right to full indemnity as far as the insurance goes. There can, however, be no certainty here that the plaintiffs will be entitled to recover the sum of $600 on the property in any one building in case of loss to that amount. At any time when the number of buildings in which insured goods are placed exceeds five, and each building contains goods having a value of $600 or over, the insured must accept for the property contained in each building a less sum than $600 if a total loss in all of the buildings occurs. The argument of the plaintiffs seems to be that they have a contingent insur-

ance on the property in each building to the amount of $600; that, while the extent of the destruction by fire elsewhere may cut down this sum, still, where the fire is confined to the one building, they are entitled to the $600; and this must, in such particular case, be deemed the amount of insurance. This, it will be seen, is a method of ascertaining the sum insured on specific property covered by a policy comprehending other parcels, which is not contemplated by Ogden v. Insurance Co., supra. Two ways are there referred to, viz. to take (1) the sum which must fall to the specific property even in case of total loss; or (2) the greater sum which an actually occurring partial loss may yield to the property. The plaintiffs' theory that $600 is the amount insured on the property in this building is an anomalous one. It does not take either the sum necessarily falling due to the property in the building in case of total loss, or the actual amount of the partial loss as insured. There seems to be no basis in reason or authority for this method of ascertaining the amount of insurance. As was said at the outset, we believe the true rule to be that where a policy covers several specific parcels of property, and one of these parcels would be entitled to receive different sums in different contingencies, the problem as to how much insurance it bears must be determined in the light of the circumstances attending the fire which actually occurred. If the fire in this case had been a $600 fire, then the insurance under the defendants' policy would have been $600. It seems illogical, however, to say that the property bears a $600 insurance when the loss is only $172.05.

We do not adopt the rule (against which, and rightly, the plaintiffs' counsel protests) that every loss is to be divided equally between the two companies simply because $3,000 worth of insurance has been taken out in each. That would give no scope to the different limitation clauses in the two policies. We simply hold that the two policies are concurrent, and travel together, up to the $300 limit, and that, when this is reached, the defendants' policy goes the rest of the distance alone. This construction gives effect to the actual intent of insurers and insured, while that contended for by the plaintiffs does not. The defendants put themselves under a greater liability than the Hamburg-Bremen Company only in that class of cases where the loss in single buildings exceeded $300. But here we have a case where the loss is under $300, and still, it is said, the defendants must pay twice as much as the other company. To compel them to do so would clearly violate the contract which the parties made. The fair and sensible course is to ascertain what sum, but for the apportionment clause, each company would be bound to pay to the insured under the particular circumstances attending the loss, and then to require each insurer to contribute to the sum due in proportion to the amount so insured by each.

The judgment and order should be affirmed, with costs.