RANKIN FUNERAL HOME, INC., Respondent, v. RHODE ISLAND INSURANCE COMPANY, Appellant, Impleaded with EAST SIDE SAVINGS BANK and Another, Defendants. (Action No. 1.)

RANKIN FUNERAL HOME, INC., Respondent, v. RHODE ISLAND INSURANCE COMPANY, Appellant, Impleaded with EAST SIDE SAVINGS BANK and Another, Defendants. (Action No. 2.)

RANKIN FUNERAL HOME, INC., Respondent, v. UNITED FIREMEN'S INSURANCE COMPANY OF PHILADELPHIA, Appellant, Impleaded with EAST SIDE SAVINGS BANK and Another, Defendants. (Action No. 3.)

Fourth Department, May 27, 1936.

*Harry Z. Harris*, for the appellants.

*Heiby W. Ungerer*, for the respondent.

SEARS, P. J.  Plaintiff was the owner of two buildings built on one lot, one at the front and the other in the rear of the lot.  The front building " and additions " was covered by two policies of fire insurance, one a $6,000 policy issued by the Rhode Island Insurance Company and the other a $10,000 insurance policy issued by the defendant United Firemen's Insurance Company of Philadelphia.  The rear building alone was covered by a policy in the amount of $2,000, issued by the defendant Rhode Island Insurance Company.  A fire damaged both buildings.  It has been properly determined by the jury in this case that the rear building was, within the intention of the parties, an addition to the front building within the meaning of the word " additions " as included in the two larger policies.  (*Gertner* v. *Glens Falls Insurance Co.*, 233 N. Y. 568; *Levine* v. *Atlas Assurance Co.*, 261 id. 711.)  The two larger policies thus covered both the front and rear buildings.  Separate actions were brought by the plaintiff upon the three policies to recover the losses sustained by the plaintiff from the fire.  The three cases were tried together and the jury determined under proper instructions not only that the rear building was, within the intention of the parties, an addition to the front building as already stated, but also determined the value of each building separately and the amount of fire loss to each building separately.  The total sound value of the front building before the fire was fixed at $14,090, and of the rear building $4,655.75, making a total value of the two buildings of $18,745.75.  The fire damage to the front building was found to be $375 and the damage to the rear building $3,655.75.  These findings were supported by sufficient evidence.

The two larger policies contained an eighty per cent coinsurance clause.  As eighty per cent of the total value amounts to $14,996.60 and the total insurance carried was $18,000, no question arises as to the application of the eighty per cent coinsurance clause in this case.

Each policy contained this clause: " This Company shall not be liable for a greater proportion of any loss or damage than the amount hereby insured shall bear to the whole insurance covering the property, whether valid or not, and whether collectible or not."  An apportionment of the loss to the respective policies is necessary.

On the trial at the close of the evidence it was stipulated between all the parties that after the jury had determined the questions

submitted to them, including those of value and loss as to the respective buildings, the court should make the apportionment. This the court did and ordered judgment upon its determination of the apportionment. By the stipulation the three cases were treated as a single action, tried so far as apportionment is concerned as a single action without a jury. Under these circumstances we deem it within the power of this court to review the apportionment and, finding it erroneous, to make such an apportionment as we deem equitable within the law, and revise the judgments accordingly.

The insurance coverage by the three policies was greatly in excess of the total fire loss and in determining the apportionment we deal here only with the case of over-insurance. When adjustments must be made as between specific and blanket policies covering a fire loss as occurs in this case, many theories of apportionment have been applied by the courts of the various jurisdictions (See L. R. A. 1915B, 509 n.) in dealing with one of the most troublesome questions involved in the law of insurance. (*Grollimund* v. *Germania Fire Ins. Co.*, 82 N. J. L. 618, 625; 83 A. 1108.) There is no single rule which can properly be applied to all possible situations. The rule we have determined to apply in this case is satisfactory only in a situation where the aggregate insurance exceeds the total loss sustained. One requisite in every case in making apportionments is that the assured shall have full indemnity. The rule we apply meets this requisite in cases of over-insurance such as the present, and is, we believe, fair to the several insurers. The rule is thus stated by Judge RAPALLO in his opinion in *Ogden* v. *East River Ins. Co.* (50 N. Y. 388, at p. 391): " For the purpose of apportioning the loss in case of over-insurance, where several parcels are insured together by one policy for an entire sum, and one of the parcels is insured separately by another policy, the sum insured by the first mentioned policy is to be distributed among the several parcels in the proportion which the sum insured by that policy bears to the total value of all the parcels." This is sometimes called the " Reading Rule." (*Grollimund* v. *Germania Fire Ins. Co.*, *supra;* 26 C. J. 364.) The rule is stated in Corpus Juris as follows: The rule " reduces the general or compound insurance to specific insurance and distributes it among the several parcels of property in the proportion which the sum insured by the general insurance bears to the total value of all the parcels, and as thus reduced and apportioned with the specific insurance each insurer must bear such proportion of the loss as the sum insured bears to the total insurance, and the loss on the parcel doubly insured should be borne in the proportion which the portion of the general insurance appli-

cable thereto, and the specific insurance as a whole bears respectively to the loss separately incurred on such parcel." (See, also, Couch Cyc. of Ins. Law, vol. 7, § 1850.)

Applying the rule to this case upon the basis of the values and loss findings made by the jury, the proportionate amount of insurance on the blanket policies applicable to the rear building should be determined on the basis of the sound valuations of the two buildings. The valuation of the rear building is $4,655.75; of the front building, $14,090; of both buildings together, $18,745.75. The amount of the $10,000 policy applicable to the rear building for apportionment purposes is $4,655.75/$18,745.75 of $10,000, which is $2,483.63, and similarly the amount of the $6,000 policy applicable to the rear building for apportionment purposes is $4,655.75/$18,745.75 of $6,000, which is $1,490.18. The insurance on the rear building for apportionment purposes is then as follows: on the $10,000 policy $2,483.63; on the $6,000 policy, $1,490.18; on the $2,000 policy, $2,000. Total insurance for apportionment purposes is $5,973.81. The loss, $3,655.75, is 61.19 per cent of this total insurance, and the loss on the rear building should be apportioned, therefore, as follows: On the $10,000 policy, $1,520.12; on the $6,000 policy, $912.41; on the $2,000 policy, $1,223.22. To these sums must be added the $375 loss on the front building, ten-sixteenths apportioned to the $10,000 policy, and six-sixteenths to the $6,000 policy, i. e., $234.38 to the $10,000 policy and $140.62 to the $6,000 policy, resulting in a total loss on the $10,000 policy of $1,754.50; on the $6,000 policy of $1,053.03; and on the $2,000 policy of $1,223.22. To these respective amounts interest must be added from June 23, 1934.

The rule adopted in *Buse* v. *National Ben Franklin Ins. Co.* (96 Misc. 229; affd., 177 App. Div. 948; affd., 226 N. Y. 589) is inapplicable, inasmuch as that was a case of under-insurance. The "Reading Rule" is inapplicable both in cases where the loss is greater than the total insurance and in cases where the loss is greater than the insurance applicable to the damaged parcel when apportioned under the rule.

The respective judgments should be modified as above indicated and as modified affirmed, without costs.

All concur, except TAYLOR, J., who dissents as to method of apportionment, in a memorandum. Present — SEARS, · P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

TAYLOR, J. (dissenting in part). I concur in the prevailing opinion except as to method of apportionment. No question of fraud or coinsurance being involved and this being a case of over-

insurance in the sense that the total coverage of the several policies exceeds the losses, " sound value " seems to be of no materiality in making the apportionment. I am unable to approve the theory adopted by the majority of the court and, in the particular circumstances here presented, of all the methods which have been discussed by the courts the Kinne rule seems most reasonable, it being stated in the first formula on page 264 of Reed's Adjustment of Fire Losses (McGraw-Hill Insurance Series, 1st edition). At pages 246–275 of this volume various methods of apportionment are elaborately treated. The Kinne rule is substantially the same as the one followed in *Mayer* v. *American Insurance Co. of Boston* (2 N. Y. Supp. 227). As I read the opinion in *Ogden* v. *East River Ins. Co.* (50 N. Y. 388), the views therein expressed by way of dicta seem to favor apportionment under the method just mentioned and below indicated:

| | |
|---|---:|
| Loss on rear building | $3,655 75 |
| Loss on front building | 375 00 |
| | |
| Total loss on both buildings | $4,030 75 |

Percentage of loss on the rear building, 90.696%.

| | |
|---|---:|
| Amount of $6,000 policy's applicability to the loss on the rear building (90.696% of $6,000) | 5,441 76 |
| Amount of $10,000 policy's applicability to the loss on the rear building (90.696% of $10,000) | 9,069 60 |
| $2,000 policy on rear building alone | 2,000 00 |
| | |
| Total applicable insurance on the rear building | $16,511 36 |
| Then the $2,000 policy should pay 2000/16,511.36 of $3,655.75, or | 442 90 |
| The $6,000 policy should pay ⅜ of 14,511.36/16,511.36 of $3,655.75 plus ⅜ of $375, or | 1,345 70 |
| The $10,000 policy should pay ⅝ of 14,511.36/16,511.36 of $3,655.75 plus ⅝ of $375, or | 2,242 15 |
| | |
| Total loss | $4,030 75 |

To these allocations interest should be added from June 23, 1934.

A blanket or general policy is — with certain limitations — a specific policy. In the instant case, for example, if the loss on the rear building after this fire had been large enough to require it, there can be no doubt that the whole of the coverage of the blanket policies remaining after deducting the $375 loss on the front build-

ing could have been applied on the rear building loss, regardless of the sound value of the front building. Wherefore, after deducting the $375, the blanket policies became — in effect — specific as to the rear building loss, as specific as the $2,000 policy. Assuming "over-insurance," *i. e.*, more total insurance than the aggregate amount of loss, the theory I suggest would fit any losses to any extent upon either building alone or upon the two buildings, up to the total coverage of all the policies.

The method adopted by my brethren throws far too large a proportion of the loss upon the $2,000 policy. The unsoundness and inequity of the method utilized in the prevailing opinion may be readily appreciated by assuming that the policies and the losses were all as we find them and that the " sound value " of the rear building had been $4,000 and that of the front building $1,000,000. For then, the insured would not recover in full for his loss, although full recovery is an essential under all the authorities when the total coverage exceeds total losses.

In action No. 1 — Policy No. 978733: Judgment modified on the law and facts in accordance with the opinion and as modified affirmed, together with the order, without costs.

In action No. 2 — Policy No. 975017: Same decision and like cause of action as in companion case of *Rankin Funeral Home, Inc.*, v. *Rhode Island Insurance Co.*, *No. 1* (247 App. Div. 670, 676), decided herewith.

In action No. 3 — Policy No. 124497: Same decision and like cause of action as in companion case of *Rankin Funeral Home, Inc.*, v. *Rhode Island Insurance Co.*, *No. 1* (247 App. Div. 670, 676), decided herewith.