■ BROWN & KRUEGER, INC., Appellant-Respondent, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Respondent-Appellant, et al., Defendants.— The rule has been long established that where floating policies have been issued by different insurers to a single insured and the total applicable insurance is sufficient to pay the entire loss, each insurer is responsible for the proportion of the total loss which the amount of its policy bears to the whole amount insured (*Golde* v. *Whipple & Co.*, 7 App. Div. 48). We see no reason to here apply a different rule. The distinguishing feature is that defendant had issued a floating policy to plaintiff's bailee in the face amount of $375,000 covering the property of various customers of the bailee. The plaintiff had obtained from another insurer a floating policy insuring its goods in the amount of $80,000 at various locations, including the bailee's plant. This policy, however, had a limit of liability of $50,000 for any single loss. A fire occurred at the plant of the bailee and plaintiff sustained a loss covered by both policies in the sum of $17,821.39. There was no proof that the total loss or damage as

the result of the fire equalled or exceeded the face amount of the policy issued by defendant. In our opinion plaintiff's loss ($17,821.39) should be apportioned upon the ratio that the face amount of defendant's policy ($375,000) and the maximum liability for one loss ($50,000) under the policy held by plaintiff bears to the total amount thereof ($425,000). Thus computed, defendant's liability is $15,724.75. Accordingly, the judgment appealed from is modified so as to increase plaintiff's recovery to $15,724.75, together with interest and costs to the plaintiff; and, as so modified, the judgment is otherwise affirmed. Settle order. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.