## AUGUST PAVAN, DEFENDANT IN ERROR, v. WORTHEN & ALDRICH COMPANY, PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

The plaintiff in an action for personal injuries was an adult who had had three years' experience with the machine at which he was injured; he knew of the alleged defect in the machine and made complaint; there was a promise to fix it "by and by" coupled with the statement to the plaintiff "Go ahead, got too much work to-day;" the plaintiff was injured in the afternoon of the same day—*Held*, (1) that it was erroneous to permit a recovery by

the plaintiff based on the lack of instructions as to the danger, and if the question were properly presented the judgment would be reversed; (2) that it was not erroneous to fail to charge that the plaintiff was not justified in relying upon the promise if a reasonable time had elapsed without the promise being fulfilled, since the fair inference from the statement that there was too much work to-day was that the promise held good until the next day.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 567.

For the plaintiff in error, *George S. Hobart* (*Collins & Corbin*, on the brief).

For the defendants in error, *Ward & McGinnis*.

The opinion of the court was delivered by

SWAYZE, J. There was evidence from which the jury might infer that the cloth upon which plaintiff was working "jumped" owing to a change made that day in the character of what are called "stretchers;" that Pavan complained to one Campbell, who promised to fix it "by and by," but also said, "Go ahead, got too much work to-day." The plaintiff was injured in the afternoon of that day.

The evidence of the negligence and of its causal connection with the injury is meager, but we think sufficed to permit an inference that the machine was in defective condition and that the accident was caused thereby. The risk was of course obvious since the plaintiff himself made complaint. There is evidence that Campbell, to whom the complaint was made, had charge of the room in which the plaintiff worked, received reports as to the machinery and caused it to be repaired. We agree with the Supreme Court that an inference of Campbell's authority to promise, as the plaintiff said he did, was justifiable.

The general effect of the entire charge was to permit the jury to infer negligence from the failure of the defendant to instruct the plaintiff as to the machine; but the plaintiff was

an adult and had had three years' experience with this very machine; only the stretcher and roller were new; and he knew of the difficulty and made complaint at once. It was erroneous therefore to permit a recovery based on the lack of instruction; and if this question were presented by the exception, the judgment would have to be reversed. It is difficult to point out the exact language that is objectionable since the error was not so much in the specific language used as in the implication involved in the charge as a whole. We agree with the Supreme Court that the language excepted to does not present the question. That language is a mere statement by the trial judge of the respective claims of the plaintiff and defendant. and seems to be a correct statement thereof. He was not requested to charge that a verdict for the plaintiff could not be based on lack of instruction.

The plaintiff in error complains that the judge failed to charge the jury that the plaintiff was not justified in relying upon Campbell's promise if a reasonable time had elapsed without that promise being fulfilled. This complaint, and the requests to charge upon which it rests, overlook the fact that from the statement attributed to Campbell that he had "too much work to-day," the fair, if not necessary, inference was that the promise held good at least until the next day; and since the accident happened the same afternoon, a request to charge. based upon an indefinite promise only, was properly refused.

We think the trial judge acted within the limits of his discretion in striking out the testimony that the plaintiff refused to submit to an operation. Whether he refused or not was at best an inference of the witness since he did not understand the plaintiff's language nor the interpreter, and the plaintiff's shake of the head may not have meant what the witness thought it did.

We think the question asked of Stark, on cross-examination, was permissible. If not, the answer was harmless to the defendant.

The result is that the judgment is affirmed, with costs.

*For affirmance*—GARRISON, SWAYZE, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 10.

*For reversal*—PARKER, VROOM, JJ. 2.