EDWIN BARDWELL, administrator, *vs.* CONWAY MUTUAL FIRE INSURANCE COMPANY.

Franklin.   Sept. 22. — Oct. 4, 1875.   AMES & DEVENS, JJ., absent.

Under a policy of insurance, not a valued one, issued by a mutual insurance company, which provides that "in case of other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, whether the same shall be binding as a contract of insurance on the parties thereto or not, the insured shall not in case of loss receive any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property as herein stated," the liability of the company, in case of loss, to pay its proportionate part of the three fourths of the value of the property insured, prescribed by the Gen. Sts. c. 58, § 52, is not affected by the fact that the insured has already received more than three fourths of what is found by the jury to be the actual value of the property, by an adjustment with another mutual insurance company in which he held a policy upon the same property, which is not shown to have been issued prior to the policy in question.

CONTRACT on a policy of insurance by which the defendant insured Justin R. Smith, the plaintiff's intestate, for the term of five years from August 13, 1873, " against loss or damage by fire, under the conditions and limitations hereinafter expressed, in the sum of $1300, as follows : $1000 on his two story frame dwelling-house and wood-shed connected ; $100 on his household furniture therein ; $100 on his barn and shed connected ; $100 on his hay therein ; situate in West Whately, Massachusetts, and

occupied by himself for a dwelling and private barn. $2200 insurance on said house, $300 on the barn, $250 on said furniture, and $100 on said hay, elsewhere."

The policy contained the following provisions : " This company shall in no event be liable till the actual payment of the premium, nor beyond the sum insured, nor beyond three fourths the actual value of the property insured at the time of the loss or damage." " And the insured hereby covenants and engages that the representation given in the application for this insurance contains a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property insured, so far as the same are known to him, and if any material fact or circumstance shall not have been fully represented, or if the insured shall make any attempt to defraud the said company, then, and in any such case, this policy shall be null and void, unless confirmed by a new agreement thereon written after a full knowledge of such facts and circumstances."

" In case of loss, the insured shall forthwith render to said company a particular statement in writing, signed and sworn to by him, of the value of the property insured, the amount of the loss or damage thereon, his interest therein, all other insurance thereon ; the purpose for which, and by whom, the building insured, or containing the property insured, was occupied ; the cause or origin of the fire, so far as known ; and, if required, submit his books of account and other proper vouchers to the examination of the company." " In case of other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, whether the same shall be binding as a contract of insurance on the parties thereto or not, the insured shall not, in case of loss, receive any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property as herein stated."

At the trial in the Superior Court, before *Bacon*, J., the evidence was conflicting as to the value of the house and shed destroyed. It was admitted that the Whately Mutual Fire Insurance Company had insured, for the sum of $2200, the house and shed described in this policy, and that that company had adjusted the loss by the payment of a sum greater than three fourths of the value of the house and shed as found by the jury. The

plaintiff asked the judge to instruct the jury that the defendant company would be liable, in the absence of fraud, for $\frac{19}{20}$ of the actual loss, provided said portion of the loss did not exceed $1000; but the judge declined so to rule, and instructed the jury that the plaintiff could in no event recover from both insurance companies more than three fourths of the actual loss, and that if the Whately Company had already paid the plaintiff an amount equal to or greater than three fourths of the actual loss, they should return a verdict for the defendant.

The plaintiff offered evidence tending to show that he had made, under oath, due proof of his loss by such a statement as is required by the terms of the policy, and it appeared by that statement that the insured made oath that the cash value of the dwelling-house and shed, at the time of loss, was $4300.

The defendant also offered evidence tending to show that the insured fraudulently obtained the insurance for which the policy in suit was given, falsely and fraudulently representing that the house and shed insured were worth not less than $4000, namely, from $4300 to $4500.

The jury returned a verdict for the defendant; and found specially that the actual value of the house and shed at the time of insurance, and at the time of the loss, was $2213; that Smith represented the value of the property to be $4500, for the purpose of procuring the insurance obtained from the defendant; and to the question whether Smith knew or had reason to believe, at the time of the insurance and at the time of the loss, or at either time, that the actual value was $2213, reported that they were unable to agree. The plaintiff alleged exceptions to the rulings and refusals to rule.

*A. De Wolf*, for the plaintiff.

*C. Delano & C. G. Delano*, for the defendant.

WELLS, J. It does not appear from the exceptions, and the jury have not found, that the excessive valuation of the property by the plaintiff, in his application for insurance, and in his affidavit or " proof of loss," was material to the risk so as to avoid the policy, as a representation, or intentionally false so as to defeat the right to recover, on the ground of fraud. The verdict for the defendant must therefore stand, if at all. upon the ground that the plaintiff had already received more than three fourths of

what was found by the jury to be the actual value of the property, by means of his adjustment with another mutual insurance company in which he held a policy upon the same building. The instructions directed the jury to return a verdict for the defendant if they found that fact. This was erroneous.

The plaintiff could not lawfully have insurance "on the mutual plan" for a greater amount than three fourths of the value of the property insured. Gen. Sts. c. 58, § 52. It is not a valued policy; and the defendant is in no way precluded from contesting the valuation which the plaintiff undertook to put upon the property insured. The jury having found the true value to be only $2213, three fourths of that sum measures the entire insurable interest of the plaintiff. By the terms of his policy, there being other insurance upon the same property, he is not entitled to recover from the defendant "any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount insured on said property." "The loss or damage sustained," which is thus to be apportioned, cannot exceed the amount of the entire insurable interest of the person insured. That is the total amount of risk which was assumed by the two companies; and the proportion of that risk actually insured by the defendant was $\frac{18}{23}$. The building having been totally destroyed, that is the measure of the liability of the defendant. *Haley* v. *Dorchester Ins. Co.* 12 Gray, 545.

This liability is several, not joint; and there is no relation between the two companies, in regard to the subject matter of their respective contracts, from which any right or liability to contribution can arise. The liability of each is determined by the terms of its own contract, and is not modified by anything in the contract of the other which may enable the insured to claim or recover for a larger valuation or amount of loss. If, for instance, the other had been a valued policy, so that the insurers were precluded from disputing the valuation agreed on, and thus were held for the full amount insured, that would not affect the measure of the risk which this company assumed, nor the amount of loss for which it is responsible. As to this company, under the statute and the terms of its policy, the whole amount of insurable interest at risk is three fourths of the actual value of the property as found by the jury. That is the sum to be appor-

tioned, without regard to what may have been agreed on by the contract of the other company, or ascertained by a jury in an action thereon. The ratio of apportionment is also unaffected, being that of the nominal amounts for which the several policies were issued.

Even if the policy from the Whately Company did not contain a like provision for apportionment, it does not appear that it was prior to the one in suit; so that the question is not presented whether a prior insurance covering the entire insurable interest of the assured, without provision for apportionment, would render subsequent insurance on the mutual plan invalid. The question here is, assuming this policy to have been valid at the time of the fire so as to render the company liable for the stipulated proportion of the loss, whether the plaintiff's right to recover that proportion can be defeated by the fact that he has since then effected an adjustment of his claim under the other policy, from which, by way of compromise or by reason of a greater valuation, or other cause, he has received an amount exceeding what, by the finding of the jury in this case, must be taken to be his entire insurable interest. We are of opinion that the defendant has shown no right to avail itself of the benefit of that adjustment, either to defeat recovery or to reduce the amount to be recovered ; but that the liability of the defendant in this particular must be determined by the state of facts at the time of the loss.

The verdict for the defendant must therefore be set aside. But a new trial does not appear to be necessary, if the defendant is content that judgment should be rendered in favor of the plaintiff for its proportion of the loss, ascertained from the value of the property as found by the jury. That value has been settled by the first and second special findings of the jury at the trial, and there is nothing in the case to impeach the correctness of those findings, or to show that they ought to be reopened, unless the defendant desires to contest the claim further on the ground of overvaluation, either in the application or in the proof of loss. If the defendant should elect to waive further defence upon that ground, those two findings are not to be reopened by the setting aside of the general verdict. Otherwise the new trial will be of the whole case.                *Exceptions sustained.*