CHARLES A. TABER *vs.* CONTINENTAL INSURANCE COMPANY & others.

Suffolk.    December 3, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Insurance,* Fire.    *Words,* "Whole amount insured."

Under the provision in the Massachusetts standard form of fire insurance policy, that, "If there shall be any other insurance on the property insured . . . the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon," in apportioning the amounts to be paid for damage by fire to a double building, the two parts of which were damaged unequally, between "blanket" policies for a certain amount on the whole of the building and a policy for a specific amount on each half of the building, where the insured will be indemnified whatever rule of apportionment is adopted, the general rule long established in this Commonwealth will be applied, that the proportion of the value of the property destroyed to be paid by each underwriter is that which the amount of the policy issued by it bears to the amount of all the insurance on the injured property, although some of the policies also cover other property, that is to say, that under the blanket policies the blanket amount is to be applied to the different items in proportion to their values.

BILL IN EQUITY, filed in the Superior Court on February 6, 1912, by the holder of a second mortgage on certain land on Eastern Avenue in Malden with a building thereon numbered 268 and 270, against three insurance companies, the owner of a first mortgage and the owner of the equity of redemption, to recover for damage to the insured building by a fire which occurred on November 14, 1911; praying that an accounting might be made of the amounts due upon each of the mortgages, and that the court should determine the amount which each of the insurance companies should pay and to whom such payments should be made and the amounts due to each.

The case was heard by *Hardy,* J., who made a decree and reported the case for determination by this court.  The material

facts thus reported are stated in the opinion. The decree made by the judge ordered, among other things, that the Continental Insurance Company and the Sun Insurance Office each should pay into a fund the sum of $1,838.50 with interest from January 22, 1912, and $10 as costs of suit, and that the Milwaukee Mechanics Insurance Company should pay into such fund the sum of $1,438 with interest from January 22, 1912, and $10 as costs of suit, all items of interest to be computed to the day of payment.

The report stated that the sole question reserved was whether or not the decree was based upon a proper theory of the respective obligations of the three defendant companies to contribute to the fund, in view of the fact that the damage was divided unequally between the two halves of the building. If based upon the proper theory, the decree was to be affirmed; otherwise, a decree was to be entered reversing the decree so far as it related to the sums to be contributed to the fund by such three defendants, and fixing the sums at their proper amounts, but affirming the decree in all other respects, including the date from which interest was to run on the sums to be contributed and the costs to be paid.

*R. Homans,* for the Continental Insurance Company and the Sun Insurance Office.

*W. L. Came,* for the Milwaukee Mechanics Insurance Company.

*C. A. Taber, pro se.*

DE COURCY, J. The only issue in controversy relates to the apportionment among the three insurance companies of certain amounts to be paid in settling the damages caused by fire to a dwelling house in Malden. No question is raised as to the division of the money among the parties in interest, the owner and mortgagees. The property insured was a double apartment building divided into two halves of equal value. The total damage by fire was $5,115, of which $3,640 was to the northeast half and $1,475 to the southwest half.

The policies written by the three insurance companies were in the Massachusetts standard form, and each contained this provision: "If there shall be any other insurance on the property insured, whether prior or subsequent, the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon." The policies of the Continental and Sun Insurance Companies were for

$2,500 each, and were what is commonly called blanket or compound policies, each covering the building as a whole.  The policy of the Milwaukee company was for $3,000, and was written "to attach an equal amount on each half;" in other words, it was a "specific" policy.

The Continental and Sun Insurance Companies urge that the "Vermont rule" so called should be followed in apportioning the loss between the compound and specific policies.  By this rule the proportion of the value of the property destroyed to be paid by each underwriter is that which the amount of his policy bears to the amount of all the insurance thereon, although some of the policies cover other property in addition.  In other words the blanket amount is applied to the different items covered by the policy in proportion to their values.  This rule was adopted in this Commonwealth more than half a century ago, and more recently was applied in Vermont, and some other States.  *Blake* v. *Exchange Mutual Ins. Co.* 12 Gray, 265.   *Chandler* v. *Ins. Co. of North America,* 70 Vt. 562.   And see *Ogden* v. *East River Ins. Co.* 50 N. Y. 388.

On the other hand the Milwaukee company contends for the application of what is known as the Connecticut rule, which regards the blanket policy as insuring each item to the entire amount of the policy unappropriated when the particular item is reached; that is, the whole blanket insurance is to be applied to one of the parcels covered by the specific policy and prorated therewith, the remainder to the next, and so on.  *Schmaelzle* v. *London & Lancashire Fire Ins. Co.* 75 Conn. 397.   *Grollimund* v. *Germania Fire Ins. Co.* 53 Vroom, 618.

The difficulty in fixing the amount to which the property covered by the specific is insured by the compound policy has led some courts to adopt still other rules of apportionment under the peculiar facts of particular cases.  See *Cromie* v. *Kentucky & Louisville Mutual Ins. Co.* 15 B. Mon. 432; *Liverpool & London & Globe Ins. Co.* v. *Delta County Farmers' Association,* 56 Tex. Civ. App. 588.  Each method has been the subject of forceful criticism and either rule, if followed inflexibly, would result in injustice to the assured in some instances.  The main requisite of any rule of apportionment is that the assured shall be afforded indemnity to the full extent of his rights under the policies of insurance; and, when a

case arises where the rule generally followed fails to accomplish that result, the question will be presented whether in the interest of justice the rule should be modified. If the question were a new one in this Commonwealth, we might well consider the relative merits of the different methods now followed. But, as we have said above, a rule was established here more than half a century ago; and undoubtedly adjustments generally have been made in accordance therewith. As a practical general rule it appears to have worked satisfactorily. There is no complaint in the present case that it fails properly to protect the insured. The objection urged against it, that it changes the contract between the parties, would apply with like force to the other methods suggested, and further does not seem to us to be tenable, because the question involved is really that of the construction to be placed upon the words "whole amount insured" in the *pro rata* provision of the policy.

The proper amounts to be paid by each company are those fixed in accordance with the rule adopted in *Blake* v. *Exchange Ins. Co., supra,* which amounts we understand are not in dispute, namely, — on the $3,640 item, the companies are to contribute as follows: the Sun Insurance Office, $1,137.50; the Continental Insurance Company, $1,137.50; and the Milwaukee Mechanics Insurance Company, $1,365; and on the $1,475 loss, the Sun Insurance Office is to pay $460.94; the Continental Insurance Company, $460.94; and the Milwaukee Mechanics Insurance Company, $553.12.

In accordance with the terms of the report, the decree of the Superior Court is to be reversed so far as it relates to the shares to be contributed by the three defendants, and the foregoing figures are to be substituted. In other respects the decree is to be affirmed.

*So ordered.*