MICHAEL F. AUSTIN *vs.* DIXIE FIRE INSURANCE COMPANY.
SAME *vs.* CALUMET INSURANCE COMPANY OF ILLINOIS.

Hampden.    November 19, 1918. — February 27, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Insurance,* Fire, Foreign company. *Corporation,* Foreign. *Subrogation.*

Under St. 1907, c. 576, § 29, a foreign insurance company, which has not complied with the requirements of § 84 of that chapter so as to become authorized to do business in this Commonwealth and which issues a policy of insurance here in a form contrary to § 60 of the insurance law, although it thus commits a "wilful violation" of the provisions of the insurance act that makes it subject to a penalty, is bound by the policy which it has issued, so that the policy in the hands of the insured is valid as against the company.

Where a policy of fire insurance on personal property contains a provision, that "whenever the company shall pay any loss, the insured shall assign to it, to the extent of the amount so paid, all rights to recover satisfaction for the loss or damage from any person, town or other corporation, excepting other insurers," the insurance company, after paying a loss, is not entitled to be subrogated to the claim of the insured against a foreign insurance company on a policy of additional insurance on the same property issued in wilful violation of our insurance act but which is binding on such foreign insurance company.

In an action on a policy of fire insurance on personal property, which contains the clause required by the Massachusetts common form, that, "if there shall be any other insurance on the property insured, whether prior or subsequent, the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon," if the insured before bringing the action had made a settlement with another insurance company on another policy of further insurance on a part of the same property for an amount less than the amount insured by that policy, the amount of money actually paid on such other policy is immaterial, the computation under the clause above quoted being based on "the whole amount insured

thereon," that is, on the same property at the time of the loss, and the defendant in the action not having been a party to that contract of insurance or that settlement.

In the action above described the property insured included horses, and the policy contained a stipulation, "in case of loss no one horse to be valued over $500." The outside insurance on one of the horses was for $1,000 and the plaintiff's claim on this outside policy had been settled by the payment to the plaintiff of $862.50. *Held,* that the fact, that the plaintiff had this outside contract with another corporation which relieved him wholly or partly from the loss against which the defendant had agreed to indemnify him, afforded the defendant no ground for release from its contractual liability.

In the case above described it also was held that the liability of the defendant was not affected by the circumstance that the outside policy covered only one of the horses while the policy sued on covered also other horses and other property.

Two ACTIONS OF CONTRACT, each on a policy of insurance in the Massachusetts standard form, insuring against fire to the amount of $1,000 hay, grain, vehicles, machines, harnesses and implements and any other farming and team equipment, contained in the barn or building in the rear of 301 Carew Street in Springfield, "and also on horses, no one horse to be valued over $500; all while contained in said building or barn." Writs dated March 17, 1910.

In the Superior Court the cases came on to be heard before *King,* J., upon an agreed statement of facts, including the facts that are stated in the opinion. The judge found the facts to be as stated in the agreed statement and reported the cases for determination by this court.

The cases were submitted on briefs.

*N. M. Harvey & J. H. Mulcare,* for the plaintiff.

*A. L. Green & F. F. Bennett,* for the defendants.

RUGG, C. J.    These are actions upon policies of insurance to recover for loss occasioned by fire. Each of these policies covered the same property, including a mare named Betsy Tell. The defence is that the plaintiff had insured Betsy Tell alone under a Lloyds policy, so called, and had collected without the knowledge or consent of the defendants on that policy by compromise the sum of $862.50, and had executed and delivered therefor a release under seal. The plaintiff's contention is that, notwithstanding this settlement, he is entitled to recover the full amount due under the policies of the defendants; while the defendants contend that the plaintiff has no right to withhold from them the advantage of the existence of the Lloyds policy.

The validity of the Lloyds policy becomes a material factor. The agreed facts respecting the place where it was issued are meagre, and there is no finding of fact upon this point. It is not necessary to decide whether the policy was issued in New York or in Massachusetts. If issued in New York there is nothing to cast suspicion upon its legality. *Stone* v. *Old Colony Street Railway,* 212 Mass. 459. If the policy was issued within this Commonwealth it was binding upon the insurer. The insurers or underwriters of this policy had not complied with St. 1907, c. 576, § 84, so as to become authorized to do business within this Commonwealth. The policy itself was not in conformity with § 60 of the same act which prescribes a standard form. Nevertheless it is provided by St. 1907, c. 576, § 29, that "An insurance company, association or agent that makes, issues or delivers a policy or contract of insurance in wilful violation of the provisions of this act shall forfeit not less than fifty dollars, nor more than two hundred dollars, for each offence; but such policy shall be binding upon the company or association issuing the same." An important modification was introduced into our insurance law by this section. It had been provided by earlier acts that, although a policy was not issued in the standard form, the policy should be binding upon the company. St. 1881, c. 166, § 2. Pub. Sts. c. 119, § 140. St. 1887, c. 214, § 105. St. 1894, c. 522, § 105. R. L. c. 118, § 105. It also had been provided by St. 1854, c. 453, § 36, St. 1856, c. 252, § 49, Gen. Sts. c. 58, § 72, Pub. Sts. c. 119, § 200, that the insurance should be valid although the company had failed to comply with the requirements of the insurance law. Under these statutes several cases arose. *Provincial Ins. Co.* v. *Lapsley,* 15 Gray, 262. *National Mutual Fire Ins. Co.* v. *Pursell,* 10 Allen, 231. *Hartford Live Stock Ins. Co.* v. *Matthews,* 102 Mass. 221. But by St. 1887, c. 214, §§ 77, 78, this latter provision was repealed. Thereafter several cases arose where such contracts issued by companies which had not complied with the insurance law were recognized as invalid and unenforceable. *Reliance Mutual Ins. Co.* v. *Sawyer,* 160 Mass. 413, where earlier decisions and statutes are reviewed. *Claflin* v. *United States Credit System Co.* 165 Mass. 501. *Baldwin* v. *Connecticut Mutual Life Ins. Co.* 182 Mass. 389. In the light of these preceding enactments the change wrought by the words of said § 29, to the effect that any policy

issued in "violation of the provisions of this act" shall be binding upon the company, cannot be thought merely verbal and without qualification of meaning. It is a substantial alteration of the structure of the statute and calls for a wider construction than that permitted by the phrase of the pre-existing act. There appears to be no reason to limit or narrow the natural significance of the language employed by the Legislature. By this change the Legislature not only continued the validity of policies not in the standard form issued by companies which had complied with the requirements of the insurance law and thus were authorized to do business in this Commonwealth, a provision previously embodied in R. L. c. 118, § 105, but it combined with it the further new, exceedingly important provision that if the insurance was made "by any such company without complying with the requisitions" of the insurance statutes, "the contract shall be valid." The natural import of these words is that no matter in what particular the insurance company shall have failed in its duty under the law, whether by not using the standard form of policy or by not having become admitted and authorized to do business here through not having conformed to the requirements of § 84, nevertheless the insured shall not lose his rights and the insurer shall not evade responsibility. Thus the Legislature remedied the omission made when St. 1887, c. 214, § 78, was enacted without any clause saving the validity of policies issued in violation of the law, which had existed under Pub. Sts. c. 119, § 200, and earlier statutes, an omission which made inevitable the decisions of *Reliance Mutual Ins. Co.* v. *Sawyer,* 160 Mass. 413; and the cases following it cited above. Those decisions of course are no longer pertinent to the present statute with its changed phraseology. Manifestly a policy of insurance issued by a company, which has not complied with § 84, in a form contrary to § 60 of the insurance law, St. 1907, c. 576, is in wilful violation of the provisions of the insurance act. The result is that under said § 29 the company or association, not authorized to do business here, issuing a policy of insurance in this Commonwealth, may be held by the insured to liability even though it is not in compliance with the requisitions of the law. It follows that the rights of the parties must be adjusted on the footing that the Lloyds policy on Betsy Tell was binding on the insurer. In this connection it is

of no consequence that the insurer or its agents may be subject to a penalty.

. The defendants contend that they are entitled to be subrogated to the plaintiff's claim against the Lloyds. This contention is founded on a clause in each policy here in suit to the effect that "whenever the company shall pay any loss, the insured shall assign to it, to the extent of the amount so paid, all rights to recover satisfaction for the loss or damage from any person, town or other corporation, excepting other insurers." One complete answer to this contention is that Lloyds was another insurer. It is within the express exception of the subrogation clause. It is unnecessary to consider whether there are other answers to this contention.

Each of the policies here in suit contained the clause required by the Massachusetts standard form that, "if there shall be any OTHER INSURANCE on the property insured, whether prior or subsequent, the insured shall recover on this policy no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon." The defendants are not concerned in these actions with the amount actually paid on the Lloyds policy. That settlement was made presumably upon a basis mutually satisfactory to the parties to it. But, however that may be, these defendants were not parties to that contract or to that settlement. These defendants on this record have no right to avail themselves of the benefit of that adjustment either to defeat recovery or to reduce the amount of their just responsibility under their contracts. The liability of these defendants must be determined by the state of facts at the time of the loss. *Bardwell* v. *Conway Mutual Fire Ins. Co.* 118 Mass. 465, 469.

Although insurance against fire in the form prescribed by the statute is a contract of indemnity and the insured is only entitled to be put in the same pecuniary condition that he would have been in if there had been no fire, his damages are not to be diminished because he has other contracts or relations with third persons or corporations relieving him wholly or partly from the loss against which the insurance company has agreed to indemnify him. *Tabbut* v. *American Ins. Co.* 185 Mass. 419, 421. The case at bar, as has been pointed out, does not involve any principle of subrogation or other equitable doctrine, and hence decisions like *Hart* v. *Western Railroad,* 13 Met. 99, 105, have no application. Even if

the plaintiff had had no claim under the Lloyds policy, his settlement of it would afford no ground of defence to the present defendants. *Thomas* v. *Builders' Mutual Fire Ins. Co.* 119 Mass. 121. The defendants must bear their own contractual liability. *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492, 496. There is an express stipulation in each policy that, "in case of loss no one horse to be valued over $500." By this the parties are bound although the actual damage to the plaintiff by the loss of Betsy Tell has been appraised at a larger amount. *Quinn* v. *Fire Association of Philadelphia,* 180 Mass. 560. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167, 170.

The liability of the several defendants is not affected by the circumstance that the Lloyds policy covered Betsy Tell alone while their policies each were in a sense blanket policies covering other property in addition. The rule of law for the computation of the amounts for which each insurer is liable under such circumstances was stated in *Taber* v. *Continental Ins. Co.* 213 Mass. 487, at page 489, in these words: "The proportion of the value of the property destroyed to be paid by each underwriter is that which the amount of his policy bears to the amount of all the insurance thereon, although some of the policies cover other property in addition. In other words the blanket amount is applied to the different items covered by the policy in proportion to their values. This rule was adopted in this Commonwealth more than half a century ago, and more recently was applied in Vermont, and some other States. *Blake* v. *Exchange Mutual Ins. Co.* 12 Gray, 265. *Chandler* v. *Ins. Co. of North America,* 70 Vt. 562. And see *Ogden* v. *East River Ins. Co.* 50 N. Y. 388."

The computation of the amount for which each defendant is liable is not made in the agreed facts. They are incomplete in this particular. The problem is so simple, however, that it easily may be stated. By the limitation in each of the policies here in suit, the insurance upon Betsy Tell was not to exceed $500. The loss was larger than that sum, so that the plaintiff is entitled to recover on that basis. The insurance in the Lloyds policy was $1,000. It follows therefore that a proportional adjustment would be for each of the defendants to pay one fourth of the loss on that item, the amount insured by each being one fourth the total insurance. The result is that each defendant should pay $125 on

account of the loss of Betsy Tell and one half the general loss on the other property insured and lost, which is $328.75, making a total of $453.75. Judgment therefore is to be entered for that sum against each defendant, with interest.

*So ordered.*