DAVID STONEMAN *vs.* DANIEL H. COAKLEY & others.

Norfolk.  December 4, 1928. — January 24, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice,* Consolidation of action at law with suit in equity, Transfer of suit for trial in another county.  *Superior Court,* Jurisdiction.  *Venue.  Jurisdiction.*

A judge of the Superior Court has no power, against the will of the plaintiff, to order a suit in equity properly brought in a certain county and there pending to be transferred to another county for trial with an action at law pending in the second county, merely upon the grounds that some of the parties and the issues are the same in the suit and in the action, and that separate trials thereof would be substantially a waste of time and money.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Norfolk on October 14, 1927.

The suit subsequently was transferred to the Superior Court by order of *Sanderson,* J.  A motion by some of the defendants to transfer the suit to Suffolk County for trial with an action at law there pending is described in the opinion.  The motion was heard by *Bishop,* J., and was denied, the judge ruling as a matter of law that he had no authority to allow the motion.  The judge reported his ruling upon the motion for determination by this court.

The case was submitted on briefs.

*T. H. Mahony,* for the defendants.

*R. G. Dodge, R. S. Wilkins, & R. K. Chase,* for the plaintiff.

SANDERSON, J.  A judge of the Superior Court ruled that he had no authority to grant a motion, made by five of the six defendants in this equity suit pending in Norfolk County, to transfer the suit to Suffolk County, there to be tried with an action at law in which one of the defendants is the sole

plaintiff and the plaintiff in this suit is the sole defendant, and reported the question for the determination of this court. The plaintiff is a resident of Brookline in the county of Norfolk. Three of the defendants reside in Boston, two in Brookline, and one in Indiana. The equity suit was begun in the Supreme Judicial Court for the county of Norfolk and transferred to the Superior Court for that county. The bill of complaint, filed October 14, 1927, seeks an accounting on several joint enterprises, profits on a stock transaction, recovery for professional services and repayment of money loaned. It also seeks to have certain conveyances to some of the defendants declared null and void because made in fraud of creditors, and certain mortgages cancelled, the real estate sold and the proceeds applied to payment of the plaintiff's claims.

By writ, dated July 26, 1927, the defendant Daniel H. Coakley brought an action at law in the Superior Court for the county of Suffolk against Stoneman, seeking to recover damages for breach of several contracts, for an accounting for money received by the defendant as the plaintiff's attorney, and for money due according to an account annexed. Coakley seasonably filed a claim for jury in the action at law and a motion for jury issues in the equity suit. The judge found that four matters set forth in the bill in equity are common to matters set forth in the declaration in the action at law, and that much of the evidence relating to these would be essentially the same; that to try one cause in Norfolk and the other in Suffolk would be substantially a waste of time and money, and, if it were a matter of discretion he would allow the motion to transfer or order the cases consolidated and tried together in one county. He then ruled that the matter was not one of discretion, but a question of law; that he had no authority to allow the motion or to consolidate the cases and therefore denied the motion.

The authority of the court to consolidate cases for trial is clearly established, *Lumiansky* v. *Tessier*, 213 Mass. 182, 188; but in the cases where this right has been exercised no question seems to have arisen of transferring a case from a county in which it is properly brought to another against the will of

a party. The Superior Court is vested in large measure with the powers of the common law courts of England. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162, 166. We have been referred to no case and we have been unable to find any in which those courts have decided that they had power to transfer causes from one county to another for the reasons appearing on this record. The defendants do not invoke the authority of the court to transfer on the ground that they would not receive a fair trial in Norfolk County. *Crocker* v. *Justices of the Superior Court, supra,* pages 167, 168, 171. *Commonwealth* v. *Handren,* 261 Mass. 294, 296, 297. G. L. c. 223, § 13; c. 277, §§ 51, 52, 53, 54. Nor is the court called upon to exercise its authority to transfer a case begun in the wrong county. The plaintiff had the right under G. L. c. 223, § 1, as amended by St. 1921, c. 432, to bring this suit in Norfolk County.

The defendants, in their motion, have not stated the ground on which it is based. No reason for transferring the suit except that stated by the judge appears. The court has power to prevent a double trial of the same issues between the same parties by the method suggested in *Lumiansky* v. *Tessier, supra,* page 188. We know of no case holding that a change of venue may be granted simply because a suit between the same parties involving many of the same issues is pending in another county. There is no statutory authority to transfer the suit to Suffolk County upon the facts disclosed in this case. The provision of G. L. c. 213, § 5, authorizing courts and justices thereof in any county to transact any business of such courts and direct the entry of any order, judgment or decree in an action, suit or proceeding pending in the same court in another county, was not intended to give the court authority to transfer a case for trial against the wishes of a plaintiff who had a right to bring it in the county where it was pending. The judge was right in ruling upon the record and facts found by him that he had no authority to allow the defendants' motion, and a decree may be entered denying the motion to transfer.

                                        *So ordered.*