SECURITY CO-OPERATIVE BANK *vs.* FLORENCE M. McMAHON & others.

Plymouth.   November 6, 1935. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice,* Demurrer, Abatement. *Equity Jurisdiction,* To determine rights of three or more parties, Remedy at law.

Facts averred in a demurrer to a bill in equity but not in the bill cannot be recognized as grounds for demurrer.

Pendency of an action at law in which the defendant set up an equitable defence was not ground for abatement of a suit in equity afterwards brought by the defendant against the plaintiff in the action at law and others, seeking relief on the ground of the same equities in addition to an injunction against maintenance of that action.

A bill in equity by the defendant in an action at law against the plaintiff therein and others, all parties having participated in certain mortgage transactions which in part formed the basis of the action at law, seeking an injunction restraining further prosecution of the action at law and that "all matters arising in" respect to such transactions "be determined and settled in this case," set out a cause for relief in equity where it appeared from the bill that complete justice to all parties could not be done in the action at law.

BILL IN EQUITY, filed in the Superior Court on June 9, 1934, seeking to restrain Florence M. McMahon from further prosecuting an action at law against the plaintiff and that "all matters arising in" respect to sundry mortgage transactions, which were described in the bill and in which the defendant McMahon and other defendants and the plaintiff were alleged to have participated, "be determined and settled in this case."

Demurrers by the defendants McMahon were heard by *Collins*, J., and were sustained. By order of *Donahue*, J., a final decree was entered dismissing the bill as to those defendants. The plaintiff appealed.

*C. G. Willard*, for the plaintiff.

*H. K. Stone*, (*E. H. Fletcher* with him,) for the defendants McMahon.

RUGG, C.J. The plaintiff brings this suit in equity against Florence M. McMahon, her daughter, Elena D. McMahon, and Charles Janigian and John J. Janigian. The interests of the Janigians appear to be joint. The defendants McMahon severally filed demurrers to the bill, which were sustained on a single one of four grounds, and a decree was entered dismissing the bill as to them. The appeal of the plaintiff brings the case here. The facts alleged in the bill in substance are these: In February, 1926, Florence M. McMahon executed a note to the order of the plaintiff and a mortgage on real estate to secure payment of same. She defaulted on the note and mortgage. The plaintiff foreclosed the mortgage and sold the real estate described therein to the defendants Janigian by foreclosure deed dated May 10, 1929. The amount bid was $7,400, which was the highest bid made at the foreclosure sale. The amount due the plaintiff at that time on its mortgage note, including expenses of foreclosure, was $5,988.53. At that time there was upon the same real estate a second mortgage, securing a note for $3,000, then due and payable, given by Florence M. McMahon to the Janigians. Within a few days after the sale under the mortgage, the Janigians tendered to the plaintiff $5,988.53,

being the amount due to it on its mortgage note with expenses of foreclosure, and the plaintiff delivered to them the foreclosure deed. The plaintiff did not collect from them the balance of $1,411.47 due on their bid, because it knew of their second mortgage on the land and the amount due thereon and "thought it would be a useless gesture to collect" that sum and then pay it over to them as having the first claim on the same. The plaintiff, in response to the request of the attorneys of Florence M. McMahon, gave in October, 1932, full account of the foreclosure sale and the amount due it on the mortgage note. The Janigians, in September, 1932, brought an action at law against Florence M. McMahon on the note for $3,000 made by her to their order and secured by the second mortgage. That action was settled in August, 1933, for the sum of $1,500 paid to the Janigians, and they assigned and delivered that note to the defendant Elena D. McMahon, who is alleged on information and belief to have advanced the $1,500 and to be "in reality the party interested in this case" and to have "a claim which she proposes to assert against any proceeds that may be delivered to" Florence M. McMahon. An entry of "Neither party" was made in the action brought by the Janigians against Florence M. McMahon. In April, 1934, Florence M. McMahon began an action of contract against the plaintiff to recover the balance of $1,411.47, being the difference between the debt due the plaintiff at the time of the foreclosure in 1929 and the amount bid by the Janigians at the foreclosure sale. That action was brought in a district court and was removed to the Superior Court, where it is still pending. The plaintiff alleges that it has never collected the balance of $1,411.47 and never intended by delivery of the foreclosure deed to the Janigians to preclude itself from any recovery from them in case it should incur liability to Florence M. McMahon, or any successor in title to the real estate, or otherwise. The Janigians settled their action against Florence M. McMahon for $1,500 (although the face of their note was $3,000) on the understanding and

belief that that sum together with the surplus of $1,411.47 would substantially cover them on their note and that all claims between the parties were settled.

The grounds assigned in the several demurrers of the defendants McMahon are that (1) the bill shows no ground for equitable relief, (2) the plaintiff has plain, complete and adequate remedy at law, (3) there is pending in the Superior Court an action at law described in the plaintiff's bill in which the plaintiff has set out the same equitable defences and the identical equities as are alleged in the present bill, and (4) the plaintiff has another cause of action pending for the same relief as sought in the present bill, being McMahon *v.* Security Co-operative Bank. The demurrers were sustained on the third ground assigned.

The third and fourth grounds of demurrer can refer alone to the action at law brought by Florence M. McMahon against the plaintiff and now pending in the Superior Court. That is the only pending action with reference to which any allegation appears in the bill. There is in the bill no averment whatever as to the defences, equitable or different, which the present plaintiff has pleaded in that action. These grounds of demurrer therefore constitute a speaking demurrer in that they seek to set up facts not appearing on the face of the bill. They cannot be recognized as true grounds for demurrer. Although the parties in their briefs refer to an "equitable defence," an omission in the allegations of the bill cannot be cured in that way. A demurrer must stand or fall on the facts alleged in the bill. *Richards v. Richards,* 270 Mass. 113, 117. Story, Eq. Pl. (10th ed.) § 448. Daniell Ch. Pleading & Practice (6th Am. ed.) 587, 588.

If, however, the matter be considered as the parties have argued it, there was error in sustaining the demurrers. The third ground of demurrer is in substance and effect a plea in abatement based on the pendency of an action at law involving the same issue. While this point may be raised in appropriate cases in equity by demurrer, whatever merit there may be in it relates in substance to abatement and may be presented by plea in abatement. The underlying

principle is that a party ought not to be vexed by the pend-
ency at the same time of two actions by the same plaintiff
as to the same cause of action.   That principle prevails in
actions at law.   *Alpert* v. *Mercury Publishing Co.* 272 Mass.
39, 42.   That principle is not applicable to the allegations
of the present bill.   The action at law was brought not by
the plaintiff but by one of the defendants in the present
suit.   The plaintiff is seeking no affirmative relief in that
action but is simply making a defence to the claim of
Florence M. McMahon.   Moreover, a suit in equity, differ-
ing in this respect from an action at law, does not com-
monly abate by reason of the pendency of an action at law
for the same cause of action.   When such a question is
raised in equity, it is the duty of the court to make an exami-
nation of the merits in this particular and to enter an appro-
priate order to do justice to both parties.   *Corey* v. *Tuttle*,
249 Mass. 135, 138.   *Spear* v. *Coggan*, 223 Mass. 156, 158.
*Sandford* v. *Wright*, 164 Mass. 85.   *Consolidated Ordnance
Co.* v. *Marsh*, 227 Mass. 15.   *Sears* v. *Carrier*, 4 Allen, 339.
*Powers* v. *Heggie*, 268 Mass. 233, 237, 239.   There is nothing
inconsistent with this in *Dorsey* v. *Corkery*, 227 Mass. 498.
Therefore it was erroneous to sustain the demurrers on this
ground.

The allegations of the bill set out a cause for relief in
equity.   Complete justice to all the parties to this suit can-
not be done in the action at law to which reference has been
made.   It is apparent that the defendant Elena D. McMahon
and the defendants Janigian are not parties to that pend-
ing action at law by Florence M. McMahon against the
plaintiff.   Therefore, no adjudication binding them or any of
them can be made in that action concerning any interest
which they or any of them may have in the issues there
raised.   If the plaintiff made a mistake in failing to collect
the entire amount bid by the Janigians at the foreclosure
sale, it ought not to be compelled to pay to Florence M.
McMahon that uncollected balance when it is possible to
adjust the rights of all parties touching that uncollected
balance in a single suit.   If the plaintiff had collected the
entire amount bid at the foreclosure sale, it could then have

proceeded at once in equity against the Janigians and Florence M. McMahon and procured an adjudication as to the whole matter. It is open on the allegations of the bill to prove that whatever rights Elena D. McMahon has in the matter were acquired with full knowledge of all the facts. Whether the plaintiff in truth and fact allowed that uncollected balance as a credit to the Janigians on their note against Florence M. McMahon, which was accepted by them and her, seemingly, on the allegations of the bill, is a disputed issue. The controversy appears in some aspects to be between them and her. The allegations of the present bill have the essential features of a bill of interpleader.

It is provided in G. L. (Ter. Ed.) c. 214, § 3 (3), that there is jurisdiction in equity over "Other cases in which three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law." That statute has been invoked where otherwise jurisdiction in equity might be lacking. That statute was "designed to meet a case where a judgment between two parties would leave a controverted claim between one or the other of them with a third person not bound by the judgment." *Hale* v. *Cushman*, 6 Met. 425, 431. *Carr* v. *Silloway*, 105 Mass. 543, 550. *Evans, Coleman & Evans, Ltd.* v. *Pistorino*, 245 Mass. 94, 100. *Bancroft Trust Co.* v. *Canane*, 271 Mass. 191, 197. See also *Fairbanks* v. *Belknap*, 135 Mass. 179, 181. It was said by Holmes, J., in *United Order of Golden Cross* v. *Merrick*, 163 Mass. 374, at page 376: "The remedy by interpleader is so beneficial, has been resorted to so commonly in cases of this sort, and the somewhat analogous but not identical jurisdiction under bills for instructions by trustees has been carried so far in this Commonwealth, that we are disposed to resolve any doubts in favor of the plaintiff."

The plaintiff cannot be said to have a plain, complete and adequate remedy at law. That is apparent from the matters already discussed.

The result is that the demurrers could not rightly have been sustained upon any one of the grounds assigned.

*Final decree reversed.*