PARKWAY, INC. *vs.* UNITED STATES FIRE INSURANCE COMPANY & others.

Suffolk. October 6, 1943. — October 28, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Equity Jurisdiction,* Multiplicity of actions, Remedy at law. *Insurance,* Fire: apportionment of loss among insurers.

The provision of a Massachusetts standard fire insurance policy, that, if there is other insurance upon the same property, the insurer shall be liable for "no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured," has reference only to valid insurance.

After damage by fire to property covered by several fire insurance policies separately issued by different companies, where each policy provided that the insurer thereunder should be liable for "no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured" on the property and a controversy had arisen among the insurers owing to a denial of liability by two of them, a court of equity had jurisdiction, on the ground of prevention of multiplicity of actions, of a suit by the insured against all the insurers to have such controversy determined and the insurers ordered to pay him the amounts for which they severally might be found liable.

BILL IN EQUITY, filed in the Superior Court on May 15, 1942.

A demurrer was heard by *Brown,* J.

*P. D. Turner,* (*C. W. Spencer* with him,) for the plaintiff.

*C. W. O'Brien,* for the defendants.

LUMMUS, J.   The plaintiff brings this bill against four insurance companies which by separate policies severally insured the personal property of the plaintiff against loss by fire. The aggregate amount of the insurance was $8,500, and the loss sustained by the plaintiff from fire on June 4, 1941, was $3,700. Each policy contained a provision in accordance with the Massachusetts standard policy (G. L. [Ter. Ed.] c. 175, § 99, Ninth), which provides that in the event of loss the company issuing the policy shall be liable for "no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured" on the same property. Two of the insurers, whose policies aggregate $3,500, deny liability, contending that the policies issued by them had not become effective at the time of the fire. The other two insurers oppose that contention, and assert that all the policies must be included in the total insurance in computing the proportionate liability of the several insurers. The bill prays that this controversy may be determined, and that the several insurers may be ordered to pay to the plaintiff the amounts for which they severally are found to be liable. The two insurers that deny liability demurred for misjoinder of defendants, for want of equity, and because the plaintiff has a plain, adequate and complete remedy at law. Their demurrer was sustained on the two grounds last stated, and the bill was dismissed as to them with costs. The plaintiff appealed from the interlocutory decree sustaining the demurrer, and from the final decree.

The provision limiting the liability of the several insurers to a proportion of the whole loss on the property insured, has reference only to valid insurance. Policies that insured the same property in form only, but not in reality, are immaterial. *Bardwell* v. *Conway Mutual Fire Ins. Co.* 118 Mass. 465, 469. *Austin* v. *Dixie Fire Ins. Co.* 232 Mass. 214. *Fegelson* v. *Niagara Fire Ins. Co.* 94 Minn. 486. *Mechanics' Ins. Co.* v. *C. A. Hoover Distilling Co.* 173 Fed. 888, 32 L. R. A. (N. S.) 940. See also *Thomas* v. *Builders' Mutual Fire Ins. Co.* 119 Mass. 121; *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492, 496. In this respect the provision of the Massachusetts standard policy differs from the one found in some

reported cases which limited the liability to the proportion of the loss that the amount of the policy bore to the whole insurance on the property, "whether valid or not." *Scruggs & Echols* v. *American Central Ins. Co.* 176 Fed. 224. *Dixie Fire Ins. Co.* v. *American Confectionery Co.* 124 Tenn. 247, 34 L. R. A. (N. S.) 897. Though the obligation of each insurer depends on that of every other insurer, the obligation of each is several, and there can be no contribution in any legal sense. *Bardwell* v. *Conway Mutual Fire Ins. Co.* 118 Mass. 465, 468. *Austin* v. *Dixie Fire Ins. Co.* 232 Mass. 214, 218. *Hanover Fire Ins. Co.* v. *Brown,* 77 Md. 64, 72–74. See *Quintin* v. *Magnant,* 285 Mass. 450.

We may lay aside as not in point cases in which equity jurisdiction existed independently of the prevention of multiplicity of suits, as in cases of bills for injunction against repeated or continuing trespass, nuisance, or interference with easements or watercourses, and the question decided was whether a plaintiff might join a number of defendants whose independent acts contributed to interfere with his right (*Mayor of York* v. *Pilkington,* 1 Atk. 282; *Smith* v. *Bivens,* 56 Fed. 352; *Lockwood Co.* v. *Lawrence,* 77 Maine, 297; *Warren* v. *Parkhurst,* 186 N. Y. 45; *Fidelity Union Trust Co.* v. *Cochrane,* 116 N. J. Eq. 190; *Boston & Maine Railroad* v. *Sullivan,* 177 Mass. 230; Pomeroy, Eq. Jur. [5th ed. 1941] § 261 t; Note 9 Am. L. R. 939), or whether plaintiffs having several interests injured by the same wrong might join in a bill. *Cadigan* v. *Brown,* 120 Mass. 493. *Greene* v. *Canny,* 137 Mass. 64, 69. *Smith* v. *Smith,* 148 Mass. 1. *Stevens* v. *Rockport Granite Co.* 216 Mass. 486, 493. *Zimmerman* v. *Finkelstein,* 230 Mass. 17. *Stodder* v. *Rosen Talking Machine Co.* 241 Mass. 245, 249. *Yaskill* v. *Thibault,* 273 Mass. 266, 268. *Strobel* v. *Kerr Salt Co.* 164 N. Y. 303, 323. *Ames* v. *Dorset Marble Co.* 64 Vt. 10. Pomeroy, Eq. Jur. (5th ed. 1941) § 257. See also *Wardwell* v. *Leggat,* 291 Mass. 428, 431. In such cases, "multiplicity is . . . not a reason for getting into equity, but merely for joining or consolidating suits which would be in equity in any case." Chafee, 45 Harv. Law Rev. 1297, 1310.

In the present case no ground for relief under general

equity jurisdiction appears, except that of preventing multiplicity of suits. That ground is not specified in our statutes, but falls within the statutory grant of general jurisdiction in equity.

By G. L. (Ter. Ed.) c. 214, § 1 (amended in an immaterial respect by St. 1935, c. 407, § 2), the Supreme Judicial Court and the Superior Court are given "original and concurrent jurisdiction in equity of all cases and matters of equity cognizable under the general principles of equity jurisprudence." The Superior Court was given this jurisdiction by St. 1883, c. 223, § 1. Before 1857 the jurisdiction of the Supreme Judicial Court in equity consisted of specified topics or heads, and, generally speaking, all were qualified by the phrase "when the parties have not a plain, adequate, and complete remedy at the common law." Rev. Sts. (1836) c. 81, § 8. Gen. Sts. (1860) c. 113, § 2. When full equity jurisdiction was first given to the Supreme Judicial Court by St. 1857, c. 214, it was expressly limited to cases "where there is not a full, adequate and complete remedy at law." This became the last paragraph of Gen. Sts. (1860) c. 113, § 2, with the word "full" changed to "plain." This limitation upon general equity jurisdiction was removed by St. 1877, c. 178, § 1, which became Pub. Sts. (1882) c. 151, § 4. But a similar limitation was retained in Pub. Sts. (1882) c. 151, § 2, in which particular topics or heads of jurisdiction were enumerated, as they now are in G. L. (Ter. Ed.) c. 214, § 3. The Report of the Commissioners for Consolidating and Arranging the Public Statutes (1901), Part III, page 1364, omitted that limitation as "superfluous," and because by recent statutes it had been "done away with to a great extent," and was less applicable to the equitable remedies given by statute, as to which it had been retained, than to the general equity jurisdiction, as to which it had been removed. Accordingly, that limitation did not appear in R. L. (1902) c. 159, §§ 1, 3. While the limitation upon general equity jurisdiction existed, that jurisdiction in Massachusetts was in some respects less broad than that exercised by the courts of England and of other States. *Jones* v. *Newhall,* 115

Mass. 244. *Suter* v. *Matthews,* 115 Mass. 253. *Frue* v. *Loring,* 120 Mass. 507, 509, 510.

Ever since that statutory limitation was removed by St. 1877, c. 178, §§ 1, 2, equity jurisdiction of all cases and matters cognizable under the general principles of equity jurisprudence has existed in Massachusetts in all its amplitude. *Billings* v. *Mann,* 156 Mass. 203, 204. *Nathan* v. *Nathan,* 166 Mass. 294, 295. *Noyes* v. *Bragg,* 220 Mass. 106, 109. *Boston* v. *Santosuosso,* 298 Mass. 175, 180, 182. *Boston* v. *Santosuosso,* 307 Mass. 302, 314, 315. Upon those general principles, however, it is only in a limited class of cases where jurisdiction is concurrent (*Jones* v. *Newhall,* 115 Mass. 244, 250; *Suter* v. *Matthews,* 115 Mass. 253, 255; *Nash* v. *McCathern,* 183 Mass. 345) that a court of equity can take jurisdiction where a plain, adequate and complete remedy at law exists, and the point is properly taken. *Walker* v. *Brooks,* 125 Mass. 241. *Maguire* v. *Reough,* 238 Mass. 98. *Hooker* v. *Porter,* 271 Mass. 441, 447. *Proctor* v. *MacClaskey,* 278 Mass. 238, 242. *Knowlton* v. *Swampscott,* 280 Mass. 69, 72. *Broadway National Bank of Chelsea* v. *Hayward,* 285 Mass. 459, 466. But unless the objection that a plain, adequate and complete remedy at law exists is in the particular case truly jurisdictional (*Maley* v. *Fairhaven,* 280 Mass. 54; *Jones* v. *Jones,* 297 Mass. 198, 202), it is waived unless seasonably taken and consistently pressed. *Baker* v. *Langley,* 247 Mass. 127, 132. *Reynolds* v. *Grow,* 265 Mass. 578. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 486. *Potier* v. *A. W. Perry, Inc.* 286 Mass. 602, 609. *Jones* v. *Jones,* 297 Mass. 198, 202. As to the power of a court of equity to take that objection sua sponte, see *Kenney* v. *Consumers' Gas Co.* 142 Mass. 417, 421; *Petroleum Exploration, Inc.* v. *Public Service Commission,* 304 U. S. 209, 216; *Douglas* v. *Jeannette,* 319 U. S. 157, 162.

The controlling reason why the boundaries of general equity jurisdiction ought not to be widened by judicial decision beyond those indicated by established principles, is that the constitutional right of trial by jury would thereby become correspondingly narrowed. *Parker* v. *Simpson,* 180

Mass. 334, 355. *Proctor* v. *MacClaskey*, 278 Mass. 238, 242. *Commissioner of Banks* v. *Harrigan*, 291 Mass. 353. *Boston* v. *Dolan*, 298 Mass. 346, 355. *Di Giovanni* v. *Camden Fire Ins. Association*, 296 U. S. 64, 72.

Especial care to keep equity jurisdiction within bounds is needed where, as in this case, no peculiarly equitable right or remedy is involved, and jurisdiction in equity depends wholly upon the prevention of a multiplicity of suits at law. That ground of equity jurisdiction is recognized in this Commonwealth. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 78. But equity will not give relief on that ground where a plain, adequate and complete remedy at law is obtainable, though it require a number of actions. In *Hale* v. *Allinson*, 188 U. S. 56, 72, 77, in holding that the receiver of an insolvent corporation could not maintain a single bill against forty-seven stockholders to enforce their several liabilities, Peckham, J., said, "In any case where the facts bring it within the possible jurisdiction of the court . . . the decision must depend largely upon the question of the reasonable convenience of the remedy, its effectiveness and the inadequacy of the remedy at law. . . . The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it." He added (page 78), "We are not disposed to deny that jurisdiction on the ground of preventing a multiplicity of suits may be exercised in many cases in behalf of a single complainant against a number of defendants, although there is no common title nor community of right or interest in the subject matter among such defendants, but where there is a community of interest among them in the questions of law and fact involved in the general controversy." See also *First State Bank* v. *Chicago, Rock Island & Pacific Railroad*, 63 Fed. (2d) 585, 90 Am. L. R. 544; *Broderick* v. *American General Corp.* 71 Fed. (2d) 864, 94 Am. L. R. 1359; *Di Giovanni* v. *Camden Fire Ins. Association*, 296 U. S. 64; *Douglas* v. *Jeannette*, 319 U. S. 157, 165.

In *Rogers* v. *Boston Club*, 205 Mass. 261, 266, 267, the receiver of a social club was held not entitled to maintain a single petition in equity against the members to compel pay-

ment of dues and charges for refreshments, where each member was liable in contract, even though at law a multiplicity of suits would be required. See also *Spear* v. *H. V. Greene Co.* 246 Mass. 259. In *Maguire* v. *Reough,* 238 Mass. 98, it was held that there is no jurisdiction in equity of a suit for breach of contract against the numerous members of a voluntary association. See also *Cheney* v. *Goodwin,* 88 Maine, 563. In *McLaughlin* v. *Levenbaum,* 248 Mass. 170, the defendant had brought fourteen small claims against the plaintiff for breach during different periods of a covenant to heat the defendant's apartment. Equitable relief was denied on the ground that the plaintiff had an adequate remedy at law. See also *Old Colony Trust Co.* v. *Segal,* 280 Mass. 212; *Fellows* v. *Spaulding,* 141 Mass. 89. In *Laverty* v. *Associated Gas & Electric Securities Co. Inc.* 300 Mass. 79, 82, it was held that fourteen separate creditors could not join in one bill to reach and apply. It was said that "Avoidance of multiplicity of suits is not enough to warrant a joint suit." It is generally held that a bill will not lie against many persons who have brought or threaten to bring actions against the plaintiff for injuries severally sustained as a result of one occurrence. *Tribette* v. *Illinois Central Railroad,* 70 Miss. 182, 19 L. R. A. 660, cited in *Spear* v. *H. V. Greene Co.* 246 Mass. 259, 267. *Southern Steel Co.* v. *Hopkins,* 174 Ala. 465, 40 L. R. A. (N. S.) 464, Ann. Cas. (1914B) 692. *Georgia Power Co.* v. *Hudson,* 49 Fed. (2d) 66, 75 Am. L. R. 1439. See also *St. Louis, Iron Mountain & Southern Railway* v. *McKnight,* 244 U. S. 368.

On the other hand, in *Coleman* v. *Barnes,* 5 Allen, 374, several plaintiffs who joined in one bill had been deprived of their goods by the fraud of the same persons who pledged them to the defendant by a valid pledge which the plaintiffs offered to discharge. It was held that they could maintain their bill, for they had a common interest in the apportionment of the burden and had no adequate remedy at law. See also *Bancroft Trust Co.* v. *Canane,* 271 Mass. 191; *Security Co-operative Bank* v. *McMahon,* 294 Mass. 399. Equitable relief against the prosecution of a series of groundless and vexatious actions against the plaintiff has

been given. *Boyajian* v. *Hart*, 312 Mass. 264, 266. A railroad corporation was given relief against .five independent ticket brokers or "scalpers" who dealt in nontransferable return tickets with which their customers defrauded the railroad corporation. *Bitterman* v. *Louisville & Nashville Railroad*, 207 U. S. 205, 226. In *Wilson* v. *Illinois Southern Railway*, 263 U. S. 574, 577, an overtaxed railroad corporation was held entitled to go into equity to prevent multiplicity of suits where it could get redress at law only in separate lawsuits with five different counties in which not only the propriety of the tax but also that of its apportionment would be involved. See also *Raymond* v. *Chicago Union Traction Co.* 207 U. S. 20, 39, 40. In *American Steel & Iron Co.* v. *Taft*, 109 Vt. 469, the owner of chattels maintained a bill to restrain five separate landowners from preventing their removal, where one issue was involved in all the cases, although in a controversy with one of the defendants the remedy at law would have been deemed adequate, as it was in *Labagnara* v. *Kane Furniture Co.* 289 Mass. 52, 56.

In the present case, the plaintiff cannot maintain a single action at law against all four defendants jointly, for each policy creates a separate obligation between the insurer and the insured, to which other insurers are not parties. The case is not within G. L. (Ter. Ed.) c. 231, § .4, allowing the joinder in one action of defendants severally liable on the same written contract. *Colt* v. *Learned*, 133 Mass. 409, 412. *New York Trust Co.* v. *Brewster*, 241 Mass. 155, 162, 163. The plaintiff must bring a separate action against each insurer. In each action the amount of loss, and the validity, coverage and amount of all the policies would have to be determined. But the determination would not bind any insurer other than the particular defendant, because no other insurer would be a party. Conflicting decisions would not be unlikely, unless the cases should be tried together, as they were in *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 312.

If the actions should be brought in, and should remain in, different courts, they could not be tried together. If brought in the same District Court, some defendants might effect a

removal to the Superior Court, and others might not. G. L. (Ter. Ed.) c. 231, § 104. If brought in the Superior Court some defendants might claim trial by jury, while others might not. G. L. (Ter. Ed.) c. 231, § 60. Rule 44 of the Superior Court (1932). In that event the plaintiff could preserve as of right the opportunity to ask that the cases be tried together only by claiming a jury trial in every case. And even if it should do that, whether the cases were brought in different counties (G. L. [Ter. Ed.] c. 231, § 84A, inserted by St. 1933, c. 247, and modifying *Stoneman* v. *Coakley*, 266 Mass. 64), or in the same county, a trial of the cases together would still be discretionary and not a matter of right. *Lumiansky* v. *Tessier*, 213 Mass. 182, 188. *Bradford* v. *Boston & Maine Railroad*, 225 Mass. 129, 132. *Commonwealth* v. *Gallo*, 275 Mass. 320, 323–327. Even if the plaintiff should succeed in having the actions tried together, and every insurer should be found liable for its proportion of the loss, some insurer might escape by a decision of this court on exceptions, and then it would be too late to increase the verdicts against the others. The remedy of the plaintiff at law can hardly be said to be plain, or certain to be adequate or complete.

We think that the interdependence of the policies issued by the several insurers, and the danger of inconsistent and unjust results in separate actions against them, bring this case within the jurisdiction of equity to prevent multiplicity of actions at law. This view has been taken in well considered cases in other jurisdictions. *Fegelson* v. *Niagara Fire Ins. Co.* 94 Minn. 486. *Weininger* v. *Metropolitan Fire Ins. Co.* 359 Ill. 584, 98 Am. L. R. 169, and note. *Milwaukee Mechanics' Ins. Co.* v. *Ciaccio*, 38 Fed. (2d) 153. *American Central Ins. Co.* v. *Harmon Knitting Mills, Inc.* 39 Fed. (2d) 21. *Fuller* v. *Detroit Fire & Marine Ins. Co.* 36 Fed. 469. *Graham* v. *Alliance Ins. Co.* 192 S. C. 370. See also *Taber* v. *Continental Ins. Co.* 213 Mass. 487.

The question whether one or more of the insurers could invoke the aid of equity, which has received conflicting answers elsewhere, is not before us. See 19 Am. Jur., Equity, § 159; Pomeroy, Eq. Jur. (5th ed. 1941) §§ 250, 261 a. In

cases denying relief to insurers, it has been said that a plaintiff has no standing to save a defendant from a multiplicity of suits. See *Equitable Life Assurance Society of the United States* v. *Brown*, 213 U. S. 25, 51; *International Paper Co.* v. *Bellows Falls Canal Co.* 88 Vt. 93, 104. Compare Chafee, 45 Harv. Law Rev. 1297, 1303, 1319.

The result which we have reached makes it unnecessary to consider whether G. L. (Ter. Ed.) c. 214, § 3 (3), relied on by the plaintiff, which gives jurisdiction in equity where "three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law," has any application. That clause originated in Rev. Sts. (1836) c. 81, § 8. Its purpose has been stated in a number of decisions, and a proceeding under it has been described as "a bill in the nature of a bill of interpleader." Report of the Commissioners appointed to revise the General Statutes (1834), Part III, page 12. *Carr* v. *Silloway*, 105 Mass. 543, 550. *Angell* v. *Stone*, 110 Mass. 54, 55. *Third National Bank of Boston* v. *Skillings, Whitneys & Barnes Lumber Co.* 132 Mass. 410, 412. *Welch* v. *Boston*, 208 Mass. 326, 328. *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71, 78. *Wayland* v. *Child*, 260 Mass. 469. *Shoob* v. *Yamins*, 265 Mass. 329, 332. *Security Co-operative Bank* v. *McMahon*, 294 Mass. 399, 404.

*Final decree reversed.*
*Interlocutory decree reversed.*
*Demurrer overruled, with costs.*